Nash, J.
 

 We concur with his Honor in the opinions •expressed, and in the charge given. The latter might have been, and doubtless was, more at large and explicit than contained in the case, but it is sufficient to satisfy us, the law has been correctly administered.
 

 The declarations of Samuel J. Wheeler were properly, rejected, and for the reason assigued by his Honor,'he was no party to the record. He was the tenant in possession, and the notice had been served upon him. There was, however, no obligation upon him to defend the suit.It was at his pleasure to do so or not. Upon Ins declining to be made the defendant, the plaintiff, upon the proper proof of the service of the notice, was entitled to a judgment by default against the casual ejector. The consequence of which proceeding- would be, that the plaintiff would be subjected to the payment of the costs
 
 *199
 
 incurred, leaving him to recover them in an action for the mesne profits, against the defaulting tenant. If, however, the tenant in possession, be in possession as tenant to any other person, the landlord has a right, upon making that appear to the Court in the' proper manner, to be made the defendant, either in the place of the tenant, or with him.
 
 Fairclaim on demise of Fowler
 
 v.
 
 Shamtitle,
 
 2
 
 Bur.
 
 1801;
 
 Adams on Ejectment,
 
 228. It is the right of the landlord, at common law, to come in and be made a party defendant. No other person has this right; and, if a party should be permitted to defend, as landlord, whose title is inconsistent with that of the tenant, according to the English practice, the plaintiff may apply to a Judge at his chambers, or to the Court, and have, the rule discharged with costs.
 
 Adams,
 
 232. But if he neglect to do so, and the party continue on the record as defendant,
 
 he
 
 will not be permitted to set up such inconsistent title, as a defence, at the trial.
 
 Knight
 
 v.
 
 Lady Smythe,
 
 4 Maule and Sel. 347.
 
 Adams,
 
 232.
 
 Belfour and Henly's heirs
 
 v.
 
 Davis and Nixon,
 
 4th Dev. and Bat. 302.
 
 Davis
 
 v.
 
 Evans,
 
 5 Ired. 525. But, although no one but a landlord can be made defendant, against the will and pleasure of the plaintiff, yet the latter maj1- consent to any person coming in as defendant, and upon any title, .when the tenant in possession has made default. In such case, the service of a new declaration would be admitted by the defendant. As, however, the party so made defendant was not the person actually in possession, it is not sufficient he should enter into the common rule, but he must consent to be considered in actual possession. This is rendered necessary by the rule adopted in our Courts, that, notwithstanding the confession of lease entry and ouster by the defendant, in entering into the common rule, the plaintiff, at the trial, must
 
 prove
 
 the defendant to have been in possession at the commencement of the action. If the new defendant were not obliged to admit himself in possession, the plaintiff"
 
 *200
 
 could not
 
 recover. It
 
 is to be remembered, that, in form, the action of ejectment is nearly throughout a fiction, and the Courts have exercised the privilege of moulding it to suit the purposes of justice. The Court, therefore, ought in no case to permit a stranger to defend, without his agreeing to be considered in possession, and without the consent of the plaintiff. Originally, after the tenant Avas brought into Court by the service of a declaration and notice, another declaration was served upon him; the latter is now dispensed with, but, as before stated, if the parties agree, another declaration may still be served upon another party, at the time ; all, indeed, is by consent. The only person who is compelled to appear, is Richard Roe. Adams, 357-8. In the case now before us, we are to presume all the regular steps Avere taken, in order to make John II. Wheeler the defendant. He defended alone. The presumption is, that he Avas admitted by consent, as it does not appear to have been opposed, and it is probable all parties Avished to try the A'alidity of the deed of trust, as soon as possible. Samuel J. Wheeler Avas no party, and his declarations Avere not evidence against the real defendant. They were not offered to explain his possession.
 

 We think his Honor was correct in his decision, as to the construction of the deed. The Court Avas- called on by the plaintiff’s counsel, to put a construction on it. By a conveyance of the store-house and the other houses, the lot upon which they stood Avas also conveyed, as there is nothing in the deed to control the description, and exclude the lot; and because the deed does convey all of the grantor’s property, of er-cry kind.
 

 We concur with his Honor, in his charge with respect to the allegation of fraud. The circumstances all combined, did not, in law, amount to fraud, and Avere properly left to the jury for their consideration ; and whether they have found correctly or not, is not for us to say. The Judge dmv their attention to them, Avitli 1he remarks he
 
 *201
 
 thought proper. No complaint is made on account of. those remarks; but the plaintiff complains, -that the question was improperly left to the jury, and that the ■ Court ought to have decided it, as one of law. We do not think so. It is to be remarked, that among the objections to the deed of trust, as appearing on its face, there are only two, and they are the two last; the 3d and 4th. The 3d is, that the deed professes to convey all the property to the trustee, but authorises the sale of but a portion for the payment of debts. The answer is,
 
 all
 
 was conveyed to the trustee for the payment of the debts, and he had power by the deed, therefore, to sell
 
 all
 
 for that purpose. The 4th objection is susceptible of the same answer ; there could be no surplus to be handed over or returned to the plaintiff, while any of the debts, enumerated in the deed, remained unpaid. The trustee held
 
 all
 
 the property, for these purposes, and was answerable to .all the enumerated creditors for the faithful discharge of his duties. If it required all to pay the debts and he had sold all, he would not have been answerable to Samuel J. Wheeler, that he had paid more than the debts set forth in the schedule. But that evidently -was not the meaning of the parties.
 

 Pkk Cur ram. Judgment affirmed.