THE MISSOURI PACIFIC RAILWAY COMPANY v. MAFFITT,
*Plaintiff in Error.*

1. **Deed**: DESCRIPTION OF PREMISES. A description of the premises
in a deed held sufficient to pass the title.

2. ———: APPURTENANT. The word, "appurtenant," has no inflexible
meaning, but must be construed in connection with the nature and
subject of the principal thing granted.

3. **Practice**: INSTRUCTION: ESTOPPEL: LIMITATION. On the trial of
an ejectment, a declaration of law was given at defendant's request
to the effect, that unless the plaintiff, or the person under whom it
claimed, had been in possession within ten years *next* before suit
was brought, the finding should be for the defendant. *Held*, that
although the use of the word *next* was erroneous, yet as the instruc-
tion was given at defendant's request, he cannot complain.

*Error to Johnson Circuit Court.*—HON. N. M. GIVAN
Judge.

AFFIRMED.

*Cockrell & Suddath* for plaintiff in error.

(1) Error was committed in admitting in evidence
the deeds to Baker, and from the latter to plaintiff, be-

cause they did not describe or undertake to convey the lands in controversy. (2) The court erred in not finding defendant to have been in adverse possession ten years. (3) The equitable defence should have been sustained. (a) It set up such a mistake of law as a court of equity will relieve from, it being a mistake as to the operation and legal effect of an instrument. 1 Story's Eq. Jur., sec. 124, et seq.; *Harvey v. Charles*, 45 Mo. 157; *Hunt v. Rousmaniere*, 8 Wheat. 174; 1 Peters, 1.; *Bank v. Daniel*, 12 Peters, 55; *Broadwell v. Broadwell*, 6 Ill. 599; *Evarts v. Strode*, 11 Ohio, 480; *Summers v. Coleman*, 80 Mo. 488. (b) A voluntary grantor is entitled to reform a deed if he can show a mistake in the legal effect or estate supposed to be conveyed by it. *Mitchell v. Mitchell*, 40 Ga. 11; *Day v. Day*, 84 N. C. 408.

*T. J. Portis* for defendant in error.

RAY, J.—This is an action of ejectment, the petition being in the usual form. In 1869, Samuel Graham and wife and Elhanan Roop and wife executed and acknowledged, and filed for record with the recorder of deeds for Johnson county, Missouri, a plat of the town of Centreview, in which occurred the language following, to-wit: "The land being one hundred feet wide on the south side and one hundred and fifty feet on the north side of the railroad tract (or track) being hereby given and donated to the railroad." The answer and reply show, and it was also admitted and stipulated at the trial, that the small parcel in controversy and described in the petition is included in the above-mentioned strip so given and donated to the railroad company. The plat aforesaid or copy thereof, and a deed from the said railroad company, to-wit, the Pacific Railroad of Missouri, by Seymour D. Thompson, Master in Chancery, to James Baker, and a deed from said Baker to plaintiffs, constituted the chain of title offered and read in evidence by plaintiff.

The defendant, Maffitt, at date of suit, was in possession under a lease from said Elhanan Roop, one of the said makers of said town plat and former owner of this portion of said tract.  His answer is (1) a general denial of the petition, except as to the allegations of possession of the premises by defendant and the incorporation of plaintiff, which are admitted; (2) a plea of the statute of limitations of ten years, and (3) an equitable defence, in substance, that, at the time said Roop and Graham were preparing said plat, one Powell, land commissioner and assistant engineer of the railroad company, informed him that it was probable the company would wish in a short time to locate engine-houses and necessary side tracks therefor at said places, and requested said Roop to reserve land suitably situated for that purpose, and that said Roop being willing to give the land for that purpose, and desiring to express such intention, inserted the language we have quoted in said plat, believing that it would still be necessary to execute a formal deed before any title would vest in the railroad company, and that said language was used through ignorance and mistake, under said belief that it amounted to no more than a declaration of said intention.  The answer further charges that the plaintiff acquired all the pretended rights of the said railroad company with full knowledge and notice of the foregoing facts, and asks that the language so employed in said map and plat be so reformed as to express the intention of the parties executing the same.

The reply admitted the said execution, acknowledgment, and filing for record, etc., of the said plat, and that the language set out heretofore was employed therein, but denied all other allegations set up by the answer.  Upon trial of the cause, which was had before the court without a jury, no declarations of law were asked on plaintiff's behalf, whilst three were asked by the defendant, of which the first was refused and the

other two were given, and which said declarations of law are as follows, to-wit:.

"1. The court declares the law to be that the conveyances, offered in evidence by plaintiff to show title in itself, do not vest in it any legal title to the premises in controversy."

"2. The court declares the law to be that, unless the plaintiff, its predecessor, grantor, or other person under whom it claims, has been in possession of the premises in controversy within ten years *next* preceding the institution of this action, the finding must be for the defendant."

"3. If the evidence shows that the defendant, and those under whom he claims, have been in the open, notorious, uninterrupted, exclusive, visible, and adverse possession of the premises in controversy for a period of more than ten years *next* preceding the institution of this action, the finding must be for the defendant."

Plaintiff obtained judgment for the recovery of the premises and twenty-five cents for monthly rents and profits, and the case is now here on appeal therefrom duly taken by defendant.

The point first made is that the deeds from the Pacific Railroad of Missouri, by the master in chancery, to James Baker, dated October 2, 1876, and the deed from said Baker to plaintiff, dated October 25, 1876, were not admissible in evidence, for the reason that they do not describe and convey the land in controversy. The description in both deeds is the same and a consideration of one will, therefore, suffice. The deed from the Pacific Railroad of Missouri, by master in chancery, to James Baker, after reciting the mortgage and foreclosure proceedings, advertisements, and sale, conveys "all the right, title, and interest, and estate of the said Pacific Railroad in and to the property embraced in said mortgage, that is to say, 'all and singular the entire line of the Pacific Railroad of Missouri, 233 miles,

from St. Louis to Kansas City, through the counties of St. Louis, * * * and Johnson, * * * with its appurtenances, including among other things the Poplar street track, * * * and including the real estate, depots, stations, machine-shops, rolling-stock, machinery, rights, interest, and franchises of said railroad company,' subject to certain liens,—certain lots in St. Louis specially described, a branch railroad from Kirkwood, * * * described : together with all and singular the hereditaments and appurtenances thereunto belonging to or in anywise appertaining, and all reversions, remainders, rents, issues, and profits, thereof, and all the estate, right, title, interest, claim, and demand of the Pacific Railroad, or said Vail and Fish, in said premises.''

While this description does not set out specifically the lot in controversy, yet there was, we think, no error in holding it sufficient to identify the property and to pass the title. Land, ordinarily, cannot be appurtenant to other lands or distinct parcel, or pass with it, as a part of, or belonging to it, but here it is all one contiguous adjacent piece, given and donated to the railroad in one and the same instrument. The word, appurtenant, has no inflexible meaning, but must be construed in connection with the nature and subject of the principal thing granted. The terms employed in connection with the subject and nature of the grant are, we think, sufficient, and the objection urged in this behalf untenable.

As to the matters set up in the third count by way of equitable defence, we think but little need be said. The answer charged that plaintiff bought with notice and knowledge of the facts alleged in this behalf, but there is no evidence in the record to that effect. Whatever, then, may be the merits, if any, of said defence so alleged, as between the original parties, the facts stated are not available to defendant, as against this plaintiff,

who is an innocent purchaser for value and without notice.

As to the remaining defence in the answer, which is the statute of limitations of ten years, the law was, as already appears, declared as asked by defendant. The use of the word, "next," in said declarations was erroneous, but as these declarations were asked and given at defendant's instance, he cannot complain. The evidence fails, we think, to show an actual, adverse, continuous, exclusive possession of the land in question by defendant and his said lessee, Roop, sufficient to make out title by limitation. Said Roop seems to have been of the impression that this said map and plat, so executed, acknowledged, and recorded by him and wife and said Graham and wife, would not pass the title, and that the same was a mere declaration of their willingness and intention to make the railroad company a title in the event that the roundhouse was built, and, upon their failure so to do, he seems to have claimed a portion of said strip outside of the right of way, and to have, in various ways and at various times, exercised acts of ownership and possession over parts of the same. But the evidence also shows that the railroad company has been in the actual, continuous possession of a part of said strip so conveyed, and, as we gather from the evidence, has laid down side tracks and built its stock pens on said strip, and beyond the limits of the fifty feet on the sides of the railroad track, and has also allowed other parties to occupy other portions under leases, and in various ways has been asserting its claims and possession to said strip.

We find no error in the record calling for our interference, and, therefore, affirm the judgment. All concur, except Sherwood, J., absent.