RALEIGH STORAGE COMPANY v. J. W. BUNN ET AL.

(Filed 20 October, 1926.)

**Deeds and Conveyances—Railroads—Easements.**

> A railroad company may convey a good fee-simple title to lands conveyed to it by its predecessor, admittedly the owner, that were included in the operation of the railroad system, and as such in the operation of the railroad property.

APPEAL by defendants from *Barnhill, J.,* at May Term, 1926, of WAKE.

Controversy without action, submitted on an agreed statement of facts. Plaintiff, being under contract to convey a certain tract of land to the defendants, properly executed and tendered deed therefor and demanded payment of the purchase price as agreed. The defendants declined to accept the deed, claiming that the title offered was defective.

Upon the facts agreed, the court, being of opinion that the deed tendered would convey a good title to the property, gave judgment for the plaintiff; whereupon the defendants excepted and appealed.

*Matt H. Allen, John N. Duncan, Oliver Allen and Murray Allen for plaintiff.*
*Banks Arendell for defendants.*

STACY, C. J. On the hearing, the title offered was properly made to depend on whether a deed given by the Raleigh, Charlotte & Southern Railway Company to the Norfolk Southern Railroad Company, 25 July, 1912, for all its lines of railroad, rights of way, etc., ratified by Act of Assembly, 1913, was sufficient to convey the land in question situate, as it was, immediately adjacent to the railroad tracks of the Raleigh, Charlotte & Southern Railway Company in the city of Raleigh, with a warehouse and sidetracks located thereon and used at the time by said company for railroad purposes, under the following description in said deed, which comes after the particular description of lines of railroad and various properties situate in a number of counties of the State, to wit: "Also all lands, terminals, yards, . . . sidetracks, . . . warehouses . . . and all other property, real and personal, rights and things of every kind and description which appertain to any or all of the above described lines of road."

It is conceded by both sides, plaintiff and defendants, that if the *locus in quo*—admittedly owned by the Raleigh, Charlotte & Southern Railway at the time—passed under this conveyance, the judgment in favor of the plaintiff is correct and ought to be affirmed; otherwise not.

The Norfolk Southern Railroad Company took immediate possession of all the property owned by the Raleigh, Charlotte & Southern Railway Company at the time of the execution of the deed above mentioned, including the *locus in quo,* and the same was used continuously as an appurtenant to said line of railroad until the conveyance of the *locus in quo* to E. C. Duncan in 1919.

The intention to convey the property in question by the deed now under consideration is quite clear—indeed frankly conceded by the defendants—and we think the language used is sufficient for the purpose. *Mo. Pac. Ry. Co. v. Moffitt,* 94 Mo., 59; *Wise v. Wheeler,* 28 N. C., 196.

Affirmed.