SUSAN COUNCIL v. W. H. AVERETT et als.

*Executors and Administrators—Powers of Sale in a Will.*

1. An administrator, *cum testamento annexo*, can execute any power conferred by the will on the executor therein named.

2. As a general rule, where a will directs lands to be sold for division among devisees, and no person is designated to make the sale, neither an executor, nor an administrator with the will annexed, can execute the power, but such power may be conferred upon them, either by express words, or by reasonable implication from the provisions of the will.

3. Where the fund to be divided is to be raised by a sale of both real and personal property, or where the fund to be raised by the sale is to pay debts, or discharge legacies, or is to pass into the hands of the executor, to be applied by him by virtue of his office, the executor can execute the power of sale, as to the realty, although the will does not confer it on him in direct terms.

4. So, where a testator gives all of his property of every description, to his wife for life, and at her death, to be sold and divided among his children, *It was held*, that by necessary implication, the will conferred the power of sale on the executor, and a sale, by an administrator with the will annexed, of the realty, made after the death of the life tenant, passed a good title.

(*Vaughn* v. *Farmer*, 90 N. C., 607, cited and approved).

CIVIL ACTION, for the possession of land, tried before *Boykin, Judge*, at Spring Term, 1886, of BLADEN Superior Court.

It appears that John Cashwell died prior to the month of April, 1882, leaving a last will and testament, which was proven in that month. The following is a copy of so much thereof as is material to be set forth here:

"I give and bequeath to Sally Cashwell, my dearly beloved wife, all my property of every kind whatsoever, freely by her to be possessed and enjoyed during her natural life or widowhood, and at her death or marriage, as soon as may be, for it all to be sold, and equally divided among my children, except James and Thomas Lee. James to have but fifty cents, as he has had, I think, his part before. Thos. Lee to have eighty dollars more than an equal part with the rest of my children, as he has. paid for some land more than the rest. I also do make and ordain Neavel Cashwell, Jr., and Reuben Fisher, to be the only and sole executors of this my last will and testament."

The persons named in the will as executors, at once renounced their right to qualify as such, and A. McA. Council was then appointed administrator *cum testamento annexo*, in that behalf.

Afterwards, Sally Cashwell, named in the will, and who was the surviving widow of the testator, died.

The land mentioned in the complaint, and which the plaintiff seeks to recover possession of, is embraced by the will. The administrator named, by virtue of his authority under the will, sold it, and the plaintiff became the purchaser thereof. She having paid the purchase money, the administrator executed to her a proper deed therefor, on the 10th day of May, 1885. It is stated in the case settled upon appeal, that after verdict, "defendants moved for judgment, because the executor named in said will was not empowered by the terms thereof to sell the land therein devised for the purpose of executing the trust therein created, and that therefore the administrator with the will annexed of said Cashwell, was not empowered to do so." This motion was refused by the Court. Judgment for plaintiff. Appeal by defendants.

No counsel for the plaintiff.
*Mr. W. A. Guthrie*, for the defendants.

MERRIMON, J. (after stating the facts). The single question presented by the record for our decision is, did the will above set forth, confer on the executors therein named, power to sell the land embraced by it? If it did so, then the administrator *cum testamento annexo*, mentioned, had the like power by virtue of the Statute (The Code, §2168), which confers on such administrators the like power as the will conferred upon the executors, and the deed under which the plaintiff claims title, is valid.

The testator, by his will, gave and devised to his widow, " all my (his) property of every kind whatsoever," for life or during widowhood, and at her death or marriage, directs " it all to be sold," &c. He had both real and personal property, and the

broad sweeping words employed in disposing of it, carried the whole.

Generally, when the will directs lands embraced by it to be sold for the purpose of division among devisees, and no person is designated and empowered to make the sale, the power to sell cannot be exercised by the executor, nor by the administrator, in cases like the present one.

But the testator may confer such power on the executor, and this may appear from the express terms of the will, and as well and certainly, by reasonable implication from its provisions. Thus, it has been held, that when the fund to be divided is to come out of the proceeds of the sale of both real and personal property, the executor has power sell the real estate, because he must sell the personal property, and nothing to the contrary appearing, the reasonable inference is, that the testator intended that he should sell the real property also.

And so also, it has been held, when the property is directed to be sold to raise a fund to pay debts, or discharge legacies, or the fund to be created by the sale is to pass into the hands of the executor, to be applied by him by virtue of his office, that the power is conferred on him by reasonable and necessary implication, in the absence of anything to the contrary. This whole subject is well discussed, and numerous authorities cited, by the Chief Justice, in *Vaughn* v. *Farmer*, 90 N. C., 607.

The principle applied in the case just cited, is applicable in the present one, and must govern it. The will directs a sale of all the property " of every kind whatsoever," and the fund produced by the sale to be divided as in the will directed. The intention and direction that the executors named should sell the land as well as the personal property, is plainly implied.

The sale, in the absence of fraud, is therefore valid.

No error.                                    Affirmed.