B. G. SAUNDERS et al. v. W. B. SAUNDERS.

*Deed, Construction of—Devise—Residuary Clause—Adminis-
trators and Executors—Powers.*

S. devised a tract of land to his wife for life or widowhood, and upon
    her death or marriage, to his daughter. In the residuary clause
    he directed that "all the balance of my estate, both real and per-
    sonal, be sold and the money divided between my wife and the
    rest of my heirs at law," and appointed his executor "to execute
    this my last will according to the true intent and meaning of the
    same." The wife and daughter, without issue, died before the
    testators: *Held* (1). that the devises to the wife and daughter
    lapsed, and by virtue of the statute (*The Code*, §2142) the land fell
    into the residuary clause. *Lea* v. *Brown*, 3 Jones' Eq., 141, com-
    mented upon ; (2), the will conferred authority upon the exec-
    utor to sell and convey the land, and upon his renunciation and
    the appointment of the administrators *cum testamento annexo*,
    the latter might exercise such power ; (3), a deed from such admin-
    istrators, in which it was recited that they had bargained and sold
    to P. "all the right we held as administrators of S., one certain
    parcel of land (giving description), * * * do promise to war-
    rant and forever defend the right and title of above named tract
    of land to P. and her heirs, to be free and clear from encum-
    brance, so far as our appointment gives," while very informal,
    and not containing the usual words of inheritance, passed the fee,
    it being obvious that such was the intention.

This special proceeding is brought to compel partition of
the land specified in the petition, heard before *Boykin, J.*, at
Spring Term, 1890, of NASH Superior Court.

The defendant denies most of the material allegations of
the petition, and alleges that he is sole seized of the land.
Both the plaintiffs and defendant claim to derive title under
the will of Sion Saunders. The following is a copy of the
material parts of the will:

"2 I lend unto my beloved wife Elizabeth, during her
natural life or widowhood, three hundred acres of land,
including my dwelling and out-houses, known as the 'old

tract;' also two negroes, slaves, Toney and Watey, and all her increase born after the date of this will—one horse, bridle and saddle, two cows and calves, two sows and pigs— her choice in the above-named stock; one buggy and harness. And I give, absolutely, unto my said wife, one feather-bed (her choice) and all the bed-clothing that she brought here, and all she has raised since she came here, and one large chest, known as her own; one drawing table, two milly clocks, and all the fowls and poultry on hand at the time of my death. It is also my will that my wife have one year's provisions for herself and family out of the crop, stock and provisions on hand at the time of my death.

"3. I give and bequeath unto my youngest daughter, Loutory Susan Frances, all the above-named lent property, and all the increase thereof, both of negroes and stock, that shall be on hand at the death or marriage again of her mother.

\*          \*          \*          \*          \*          \*          \*          \*          \*

"It is also my will that all the balance of my estate, both real and personal, be sold and the money equally divided between my wife and all the rest of my heirs at law.

"And lastly, I do hereby constitute and appoint my trusty friend, A. H. Denton, my lawful executor, to all intents and purposes, to execute this my last will and testament, according to the true intent and meaning of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made."

The executor named in the will renounced his right as such, and E. H. Morgan and Ruffin H. Saunders were duly appointed administrators cum-testamento annexo. The devisees mentioned in the second and third clauses of the will died in the life-time of the testator, the daughter dying unmarried and without issue.

Afterwards, on the 18th of March, 1864, after due advertisement the administrators sold the land embraced by the

second clause of the will, and Primy Saunders purchased the same and took their deed therefor, and the material parts thereof necessary to be reported here are as follows:  *  *  * "have bargained and sold and conveyed to the said Primy all the right we hold as administrators of said Sion Saunders' estate, one certain tract or parcel of land (that mentioned above) this being one-half of the house tract of land supposed to contain 150 acres, be the same more or less, all within the bounds; we, E. H. Morgan and Ruffin H. Saunders, administrators of the above named Sion Saunders, do promise to warrant and forever defend the right and title of the above named tract of land to Primy Saunders and *her heirs* to be free and clear from encumbrances as far as the virtue of our appointment gives. In testimony," etc.

The plaintiffs contend that such administrator had no power or authority under the said will or otherwise to sell the land, and that their alleged sale and deed in pursuance thereof are void. They further contend that the said deed, if it has validity at all, conveyed to the bargainee therein only a life-estate. (They allege other objections to the deed that need not be mentioned here). The defendant claims mediately under such sale and deed. It is admitted that the parties are those, or the representatives of those, entitled under the residuary clause of the will set forth above, and that Primy Saunders and Coly Saunders were sisters of the testator. The issue, "Are plaintiffs and defendant tenants in common of the land described in the petition?" was submitted to the jury, and they responded, under instructions from the Court, "Yes." Thereupon the Court gave judgment directing a sale of the land for partition, and the defendant, having excepted, appealed to this Court.

No counsel for the plaintiffs.
*Mr. J. B. Batchelor*, for defendant.

MERRIMON, C. J.: The devisees mentioned in the second and third clauses of the will before us died in the life-time of the testator, and hence the devises therein to them lapsed, and the real estate, the subject thereof, in the absence of any intent to the contrary (none whatever appears), was included in the residuary devise, which provided that all the balance of the testator's estate, both real and personal, should be sold and the money arising from such sale should be equally divided among his heirs at law. The statute (*The Code*, 2142) in force at, before and ever since the time this will was executed, expressly provides that the real estate, the subject of such lapsed devises, shall be included in the residuary devise if there be any, unless the contrary intention appear by the will. The purpose of this statute is too clear to admit of question. *Knight* v. *Knight*, 6 Jones' Eq., 134.

We are advertent to the case of *Lea* v. *Brown*, 3 Jones Eq., 141, in which the late Chief Justice PEARSON, said: "In regard to the land (that devised) there is no difficulty, for it is a well settled rule that all real estate which is not effectually disposed of by the will, devolves upon the heir at law, and a residuary devisee can take nothing except what appears from the will it was intended for him to take. So that if a devise fails to take effect because it is void, or by reason of the death of the devisee, the subject devolves upon the heir, and the residuary devisee is not entitled to it—there being no reason for substituting a presumed general intention in place of the particular intention which has failed." He makes no reference in the opinion (an elaborate one) to the statute above cited, which was in force at and before the time he wrote; and we are unable to see or understand upon what ground his opinion rests, except that the exception in the residuary devise may have been treated as excluding the intent that these devisees should take the real estate, the subject of the said devise. But nothing is said in this respect.

Power to sell the real estate of the testator embraced by the residuary devisee is not in terms conferred upon the executor named in the will, but such power is certainly implied with sufficient clearness. By the law, in the absence of provision to the contrary, it is the duty of the executor to sell the personal estate. Here he is charged to sell it, and the direction to sell the same is coupled directly with the direction to sell the real estate. The implication is that the same person (the executor) is to sell the estate, both real and personal property to be sold. The meaning is that the same person shall divide the fund arising from the whole property, and that person must sell both the real and personal property. Besides, the testator expressly declares in appointing the executor that he is such " to all intents and purposes, to execute this my last will and testament according to the true intent and meaning of the same, and every part and clause thereof." He could scarcely express his purpose to confer such power more clearly otherwise than by express words. *Vaughan* v. *Farmer*, 90 N. C., 607; *Council* v. *Averett*, 95 N. C., 131; *Gay* v. *Grant*, 101 N. C., 218; *Orrender* v. *Call, ibid.*, 399.

The executor appointed by the will renounced his right to qualify as such, but if he had so qualified he might have sold the land in controversy and conveyed such title thereto to the purchaser as the testator had. In his stead, administrators with the will annexed were appointed to execute its provisions, and they had power to sell the same land just as the executor might have done if he had qualified. The statute (Bat. Rev., ch. 46, § 40) in force at the time the will took effect, and at the time the sale in question was made and the deed was executed, so expressly provides. This statute has since the time referred to been somewhat modified by the subsequent statute (*The Code*, § 1493; Acts 1889, ch. 461; *Council* v. *Averett, supra; Gay* v. *Grant, supra; Orrender* v. *Call, supra*). Hence the administrators with the will annexed had power and authority to sell and convey the land in ques-

tion to the purchaser by proper deed of conveyance. So far as appears by the record, the sale was a valid one.

But the appellees contend that the deed executed by the administrators named, simply conveyed to the purchaser a life-estate in the land, because sufficient words of inheritance were omitted. It must be admitted that the deed is informal. Clearly the draftsman of it was not skilled in such matters. The intent to convey the fee-simple estate in the land is very obvious. The nature of the transaction, as the same appears in and by the deed, the comprehensive nature of the terms used, the nature of the words of conveyance and the use of the word heirs in the clause of warranty, all go to make such intent clear. Indeed, the word heirs, as used, has no meaning pertinent, or application, if the purpose was to convey but a life-estate. Why shall the warranty extend to the heirs of the bargainee if he is to have but a life-estate? The important words of the informal warranty clause are, "do promise and warrant and forever defend the right and title of the above-named tract of land to Primy Saunders and her *heirs*." The intent implied is that by the informal deed, as a whole, the land therein specified is conveyed in fee to the bargainee and her heirs. The clear intent appears, and there are words of inheritance sufficient in the deed to effectuate such intent, though such words are informally applied. It is now well settled that in such cases the deed will be upheld as sufficient to effectuate, the intent so appearing. *Allen* v. *Bowen*, 74 N. C., 155; *Staton* v. *Mullis*, 92 N. C., 623; *Bunn* v. *Wells*, 94 N. C., 67; *Ricks* v *Pulliam*, *ibid.*, 225; *Graybeal* v. *Davis*, 95 N. C., 508, are directly in point, and these and other like cases have been recognized with approval in the late case of *Anderson* v. *Logan*, 105 N. C., 266. The strict technical rule of interpretation applicable in such cases that prevailed in the distant past, even in this State, has gradually given way to the steady purpose of the Courts to effectuate the intention of the parties to the deed when it contains apt words of

inheritance, though they may not, as expressed, be in the most appropriate connection. Greater regard is now paid to the intention of the parties than to the manner of expressing the same, if that manner embraces words, though informally, essential to express the purpose. But in all such cases the intention to convey the fee must clearly appear. It thus appears that the defendant had title to the land in question, and was sole seized as he alleges. There is, therefore, error. Judgment must be reserved, and a new trial had according to law.

Error.