MARY RAY v. THE COMMISSIONERS OF DURHAM COUNTY et al.

*Deed—Correction and Reformation—Purchaser for Value—*
*Trust.*

1. In 1867 P. executed a deed of which the operative words were, "I do hereby give and grant to L. P. one lot of land * * * to contain two acres of land, reserving to myself possession during life": *Held*, in the absence of evidence that words of inheritance were omitted by mistake, to convey only a life-estate; and there being nothing apparent in the contents of the instrument inconsistent with an intention to convey a life-estate, a court of equity would not decree a correction for the purpose of conveying the fee.

2. The fact that the executor of the life-tenant purchased the land from the representative of the vendor, could not constitute him a trustee for the heirs or devisees of the vendee.

3. A purchaser for value and without notice will be protected against a latent equity to have a deed reformed.

CIVIL ACTION removed from Durham and tried at August Term, 1891, of ORANGE Superior Court, before *Winston, J.*

The plaintiff alleged that in 1873 one Lewis Pratt died last will and testament, in which it was provided s: "It is my wish and desire that my wife Elizabeth hall occupy the house she now has during her life. It is my wish and desire that my son Lewis as shall have the lot on which I now live at the death y wife, the said Lewis Jenkins paying my daughter y Little (Mary Ray, the plaintiff) one-third of the cash valuation of the same or said lot." The said Lewis Jenkins was appointed executor of said will, and duly qualified as such. The object of this action is to subject the said lot to a charge to the extent of one-third of its value, as provided in the will. The defendant denies that the plaintiff has any interest in said property, pleads an estoppel by a former action and adverse possession under color of title for over

seven years. It appears that Lewis Pratt was a slave of W. N. Pratt, who, in recognition of his faithful services (as is indicated by his will of 1855 by which he provided that said Lewis should be free), did on the 3d of May, 1867, execute to him a deed conveying the said lot, which deed is as follows: "Know all men by these presents that I, William N. Pratt, for and in consideration of the faithful services rendered me while a slave by Lewis Pratt (now a freedman), I do hereby give and grant unto said Lewis Pratt (freedman) one lot of land embracing the shop he now occupies and the house in which he resides, and to contain two acres of land, reserving to myself possession during my life. In witness whereof, I hereunto set my hand and affix my seal, this 3d day of May, 1867. (Signed) W. N. PRATT."

It also appears that in 1873, John Burroughs as executor of W. N. Pratt, under the authority of his will, sold the said lot at public auction, when Thomas Webb became the purchaser, to whom a deed in fee was executed, said executor giving notice that he made no guarantee of title, and only sold the interest of W. N. Pratt; that in March, 1876, the said Webb conveyed the lot in fee to said Lewis Jenkins, who conveyed the same in fee to the Town of Durham; and that in 1883 said town conveyed the same in fee to the defendant, the county of Durham.

It also appears that in 1876 Lewis Jenkins and Elizabeth Pratt brought an action against John Burroughs, executor of W. N. Pratt and the heirs at law of said Pratt, for the purpose of reforming the said deed, alleging that the same was intended to convey a fee-simple estate, and that the words of inheritance were omitted by reason of the mistake or ignorance of the draughtsman. The defendants in that action denied these allegations, and after a reference to an arbitrator it was formally adjudged, at Spring Term, 1878, that the plaintiffs take nothing by their suit, the award being that the allegations as to mistake were not sustained

by the evidence. The complaint and answer in said suit are made a part of the replication in the present action.

His Honor rendered judgment in favor of the defendants, and the plaintiff appealed.

*Mr. J. B. Mason,* for plaintiff.
*Messrs. J. S. Manning* and *J. Parker,* for defendants.

SHEPHERD, J.—after stating the case: As the plaintiff claims under the will of Lewis Pratt it is necessary to determine what estate the said Lewis had in the land which is the subject of this action.

It is insisted that he was the owner in fee-simple because the jury found in response to a part of one of the issues that W. N. Pratt "gave him the land described in the complaint, and in (the) manner therein stated as held and occupied by him." Turning to the complaint, we find nothing which discloses the source of the alleged title; but assuming that the issue intended to refer to the replication, we are unable to perceive anything in that pleading which confers any title upon the said Lewis, except the deed executed to him in 1867 by W. N. Pratt, the owner in fee of the property. From 1855, up to the execution of the above-mentioned deed, the said Lewis, it appears, was occupying the property by the permission of the owner, W. N. Pratt; and even had he been occupying it adversely and was capable of holding it, there being no color of title, and the period of his entire possession up to his death being less than twenty years, no presumption of ownership could have arisen.

It is clear, therefore, that the only title which the said Lewis had acquired was conferred by the deed executed by W. N. Pratt in 1867, and we must now inquire whether that deed was efficient to convey more than an estate for life. There being a total absence of words of inheritance, it is too plain for discussion, that at law the deed conveyed but an

estate for life, and there being no evidence that words of inheritance were omitted by mistake, it must follow that the deed cannot be corrected unless upon an inspection of its contents the Court should, in the exercise of its equitable power, decree that it be reformed under the principle declared in *Vickers* v. *Leigh*, 104 N. C., 248. In that case the language of the deed was quite different from the one now under consideration. There, from the peculiar provisions which were fully discussed in the opinion of the Court, it was plainly manifest that the grantor could have had no other intention than to convey an estate in fee. The same is true of the cases of *Saunders* v. *Saunders*, 108 N. C., 327 and *Moore* v. *Quince*, 109 N. C., 85. In the former the sale was by virtue of a power under a will, and it will be seen from the context of the deed that the evident purpose was to convey all of the estate of the testator; besides, the word "heirs" was used in the warranty. In the latter case the conveyance was to the trustee and his executors and administrators, and the purposes of the trust required that the trustee should take an estate in fee. Quite different is the case before us. Here there are no words of inheritance, and there is nothing whatever to indicate a purpose to convey the fee, except the simple reservation of the possession for the life-time of the grantor. This, while affording a very strong inference that a fee was intended, is nevertheless entirely consistent with a purpose to convey an estate for life, the possession of the grantee being postponed until the death of the grantor. In the cases above cited the terms of the deed were clearly inconsistent with an intention to convey only an estate for life, and this, it would seem, is the principle upon which those decisions are founded. We are very sure that it does not extend to a case like ours, and in this we are not only sustained by the older decisions, but also by the recent case of *Anderson* v. *Logan* (105 N. C , 266), in which the *habendum* was as follows: "To have and to hold all of our interest in the above-mentioned

lot from ourselves, our heirs and all that may claim under us and our assigns forever." There was no pleading alleging any ground for equitable relief, but the Court strongly intimated that had there been such pleading the language used would not bring the case within the principle declared in *Vickers* v. *Leigh, supra.* To hold that such a deed as the one before us warrants the Court in decreeing its correction by a simple inspection of its contents, would certainly be going far beyond any of our previous decisions, and we are not prepared to extend the doctrine beyond the limits of actual precedent.

This would seem to put an end to the case, but the counsel for the plaintiff very earnestly insists that because Lewis Jenkins, the executor of Lewis Pratt, about three years after the death of his testator, purchased the land for himself of one Thomas Webb (who had about three years previously purchased the reversion of the executor of W. N. Pratt), the said Lewis Jenkins, being executor, must have held the same as a constructive trustee and according to the terms of the will. It is not easy to understand, in the absence of any evidence to show a mistake in the deed, and where its terms are such that the Court will not upon its face decree its reformation, how the said Lewis Jenkins could in any sense be a trustee. The estate of the testator in the said property ceased upon his death and no trust as to the same could have devolved upon his executor. Conceding, however, that he was a constructive trustee, so that the purchase of an outstanding title would have enured to the benefit of his *cestui que trust* and that there was some latent equity (such as the right to have the deed reformed), how is it possible that the defendant, a *bona fide* purchaser of the legal title, could have been affected therewith unless it were shown that it purchased with notice. There is no evidence of notice here. Plainly the suit to reform the deed was no notice, as the executor of W. N. Pratt had conveyed to Webb before it was

instituted. Neither was the possession of Lewis Jenkins, who purchased of Webb, constructive notice, as his possession was consistent with his legal title, and there is no evidence of any actual notice to the town of Durham, nor to its purchaser the county of Durham. There was then no constructive notice by possession of any one claiming against the legal title, and there was none by reason of the suit, for by a decree therein it had been adjudged that the deed conveyed but a life-estate; and lastly, there is an utter absence of evidence to show any equity existing in the plaintiff or anyone else, even if there had been actual notice of any claim. Assuming, then, as we have done, that the plaintiff was not estopped by the former suit, she not being a party thereto, we are of the opinion, for the reasons given, that she cannot recover. We commend the zeal of counsel in his efforts to establish the rights of his client, but if these have been lost by reason of the death of witnesses or other adventitious circumstances, we do not see how we can grant any relief, especially as against the defendant, which for aught that appears is a *bona fide* purchaser without notice.

Affirmed.