## DUCKWORTH v. JORDAN.

(Filed May 25, 1905.)

*Wills—Lapsed Devise—Effect—Equitable Conversion—Reconversion—Election—Infants—Husband and Wife—Descent and Distribution—Power of Sale in Will.*

1. Under section 2142 of The Code, a devise which lapsed by the death of the devisee before the testator, passes under the residuary clause, where there is nothing in the will which shows a contrary intention.

2. An equitable conversion is a change of property from real into personal and from personal into real, not actually taking place, but presumed to exist only by construction or intendment of equity.

3. Before any change in the property has taken place, there may be a re-conversion, which occurs where the beneficiaries by some explicit and binding action direct that no actual conversion shall take place and elect to take the property in its original form, and if the election is properly made, the power of sale under the will is extinguished and the beneficiaries have the right to hold the land *in specie* unless it be required to pay the debts of the testator.

DUCKWORTH *v.* JORDAN.

4. Where some of the beneficiaries are infants, an election cannot be made by or for them, except by sanction and order of the court after due inquiry, disclosing that it would be for the benefit of the infants that a re-conversion should be had.

5. For the purposes of devolution and transfer, where there has been an equitable conversion of the property, land is considered as money, and the share of the wife, who died without action concerning it, devolved on her husband as her sole distributee under the statute, in the absence of debts against her estate, and he alone is required to elect as to her share.

ACTION by Joseph E. Duckworth, administrator with the will annexed of Thomas P. Jordan, against William B. Jordan and others, heard by *Judge Walter H. Neal,* at the April Term, 1905, of the Superior Court of TRANSYLVANIA County. This was an action to obtain a construction of the will of Thomas P. Jordan.

On the 28th day of August, 1879, Thomas P. Jordan made and published his will as follows:

First. That my beloved wife, Nancy C. Jordan, shall provide for my body a decent burial and pay all funeral expenses, together with my just debts, howsoever and to whomsoever owing, out of the money that may first come into her hands as a part or parcel of my estate.

Second. I give and bequeath to my beloved wife, Nancy C. Jordan, all the lands whereon I now live and all the personal property that I may be in possession of, together with all monies, notes and accounts, all the crop of every description on the plantation whereon I now live, and all the provision and stock on hand at the time of my death, to have and to hold to her own use, the said Nancy C. Jordan, for and during her natural life.

Third. After the death of my beloved wife, Nancy C. Jordan, I give and bequeath unto my nephew, Thomas P. Jordan, all of the tract of land whereon we now live to have and to hold to him and to his heirs in fee simple forever.

Fourth. My will and desire is that all the residue of my

estate, after the death of my beloved wife, Nancy C. Jordan, shall be sold, and the debts owing shall be collected, and to be equally divided and paid over to my brother, S. D. Jordan's children, to each and every one of them, their executors, administrators and assigns forever.

Fifth. And lastly I do hereby constitute and appoint my brother, S. D. Jordan, and friend, James M. Davis, my lawful executors to all intents and purposes to execute this my last will and testament according to the true intent and meaning thereof.

The testator died in 1896. Thomas P. Jordan, his nephew, the devisee mentioned in the third paragraph of the will, died before the testator. Nancy C. Jordan, the wife of the testator, survived her husband and died in 1898. The executors mentioned in the will refused to qualify as such and the plaintiff was appointed administrator of the testator, with the will annexed. The children of S. D. Jordan, the brother of the testator mentioned in the fourth paragraph of the will, living at the date of the death of the testator, were the defendants, William B. Jordan, Sallie B. Chumbley, wife of Robert Chumbley, Mary P. Parks, wife of O. A. Parks, and J. P. Jordan and Hannah Patterson, wife of ——— Patterson, who subsequently died leaving surviving her husband, and Nettie Patterson, Neta Patterson, Nellie Patterson, Joseph Patterson, E. M. Patterson and W. H. Patterson, her children. The husband of Hannah Patterson, and all of her children, are parties defendant hereto. The last four named are minors and are represented herein by their guardian, G. W. Wilson. The husband of Hannah Patterson was made a defendant on the trial and adopted the answer of his co-defendants then on file.

All of the children of S. D. Jordan, the brother of the testator, except Hannah Patterson, conveyed their interest in the land devised in the second and third paragraphs of the will, by deed in 190  , to the defendants, W. B. Duck-

worth and W. P. Whitmire, and the children of Hannah Patterson who were of age joined with them in the deed.

The plaintiff brought this action to have the "court to construe said will, and every part thereof, in so far as the same applies to the rights, powers and duties of the plaintiff as administrator with the will annexed, and that the court give the plaintiff such instructions, directions and orders as may be necessary to enable him to fully discharge his rights, powers and duties under said will," etc.

The defendants admit that Thomas P. Jordan made the will, that he is dead and that the plaintiff is his administrator as alleged; they also admit that Thomas P. Jordan, his nephew, died before the death of the testator, and that the children of S. D. Jordan are correctly named; that all of said children, except Hannah Patterson, conveyed their interests in the land contained in the lapsed devise to the nephew to the defendants Duckworth and Whitmire, and that all of the children of Hannah Patterson who are of age, had joined in said deed.

The defendants set up in their answer, among other things, that they had elected to take the said lands instead of the proceeds thereof, by way of reconversion thereof, to prevent the exercise of the power claimed by the plaintiff to sell the same.

The court held that the lapsed devise to the nephew did not fall into and was not included in the residuary clause (item 4 of the will).   Defendants excepted and appealed.

*Merrimon & Merrimon* for the plaintiff.
*Moore & Rollins* for the defendants.

HOKE, J., after stating the facts:   From the foregoing statement it appears that the testator devised his home lands to his wife, and after her death to his nephew, Thomas P. Jordan.   Under the fourth item of the will it is directed that

after the death of the wife, all the residue of the testator's estate shall be sold and the proceeds equally divided among the children of S. D. Jordan; that Thomas P. Jordan died before the testator, and after the testator's death the wife died and no sale of the land has yet taken place; that all of the children of S. D. Jordan have conveyed their interest in the land of the testator to the defendants, W. B. Duckworth and W. P. Whitmire, except Hannah Patterson, who has died leaving her surviving a husband and six children, four of whom are minors; that the adult children of Hannah Patterson, deceased, have joined in the said conveyance to Duckworth and Whitmire; that all of them, and also the husband of Hannah Patterson, are parties defendant—the infants being duly represented by guardian—and all answer stating that they elect to take the land by way of reconversion.

On these facts the questions presented are:

1. Whether the devise in the second item of the will of Thomas P. Jordan, which lapsed by the death of the devisee before the testator, passed under the residuary clause to the children of S. D. Jordan.

2. In case the lapsed devise does pass under the residuary clause, have the beneficiaries under said clause the right to hold the same as land, or must it be sold by the plaintiff as administrator and the proceeds distributed as directed by item 4 of the will.

On the first question the court is of opinion that the property, the subject of the lapsed devise, passed under the residuary clause of the will and must be disposed of as therein directed. Section 2141 of The Code provides that the will must speak and take effect as if executed immediately before the testator's death unless a contrary intention appears by the will. Section 2142 provides that unless a contrary intention appears by the will, such property the subject of a lapsed devise, shall be included in the residuary clause (if any) contained in the will. There is nothing in this will

which shows or tends to show an intent contrary to this statute; and in the absence of any such intent in the will the provisions of the statute must prevail. The case, on this point, is controlled by the decision in *Saunders v. Saunders,* 108 N. C., 327. There is nothing in *Hinton v. Jones,* 133 N. C., 399, which conflicts with the position here declared. The opinion in *Hinton v. Jones,* expressly recognizes the operative effect of the sections of The Code cited, where the same apply, and rests the decision on the ground that a contrary intention appeared in the will.

On the second question: Under item 4 of the will there was for certain purposes an equitable conversion of the property. In Bispham's Principles of Equity, Chapter 5, section 307, the author defines this to be "A change of property from real into personal and from personal into real, not actually taking place, but presumed to exist only by construction or intendment of equity." And, quoting a decision of Sir Thomas Jewell, M. R., to this effect, the author continues: "By this and other similar declarations the judges do not mean to assert a solemn piece of legal juggling without any foundation of common sense, but simply to lay down the practical doctrine that for certain purposes of devolution and transfer, and in order that the rights of parties may be enforced and preserved, it is sometimes necessary to regard property as subject to the rules applicable to it in its changed form, and not in its original state, although the change may not have actually taken place." The doctrine has been applied in several decisions in this State and very generally in other jurisdictions. *Brothers v. Cartwright,* 55 N. C., 113; *Benbow v. Moore,* 114 N. C., 263; *Ford v. Ford,* 70 Wis., 19; s. c. 5 Am. St. Rep., 117, and note at 147; *Bank v. Rice,* 143 Cal., 265; Pomeroy Eq., sec. 1175, 1176. And it is equally well established that before any actual change in the property has taken place, there may be a reconversion, which

occurs, says Mr. Bispham, where the direction to convert is countermanded by the parties entitled to the property.

This reconversion can be effected where all the parties, beneficially interested in the property, by some explicit and binding action direct that no actual conversion shall take place, and elect to take the property in its original form. Pom. Eq., *supra;* Bispham, sec. 322, *et seq; Craig v. Leslie,* 3 Wheat., 562; *Ford v. Ford, supra,* note. There can be no doubt that if a sale is to be had under the provisions of the will, the plaintiff is entitled to execute the power of sale. Code, sec. 1493; Laws 1889, Ch. 461; *Saunders v. Saunders, supra.* But if the election has been properly made, then the power of sale under the will is extinguished, and the beneficiaries and their grantees are entitled to hold the property as it is, and without the expense or disadvantage of a sale.

In devises of the kind we are now considering, where land is directed to be sold and the proceeds divided, in order to a valid election all the interests must concur and all must be bound. If the beneficiaries are all *sui juris,* such election can be made by deed in which all join, or by answer expressly stating that the parties desire to hold the land as it is, or this may be done partly by deed and partly by answer (and there are other methods), but all must concur by some action that will bind them.

In case some of the beneficiaries are infants, an election cannot be made either by or for them, except by sanction and order of the court after due inquiry. The four infant children of Hannah Patterson, who are made parties defendant, have made no deed, and it would not bind them if they had. Nor can they elect by answer, simply, even though duly represented by guardian. To bind them, an inquiry would have to be made in the cause, and an order signed by the court only when such inquiry disclosed that it would be for the benefit of the infants that a reconversion should be had. This might be done, if it were necessary, in the present case,

and the matter so determined, but in the view taken by the
court this is not necessary here, for the reason that all the in-
terest in the property, which would have gone by the will to
Hannah Patterson, is now vested in her husband who is a
party defendant of record and has filed an answer, stating
expressly that he desires and elects to hold his interest by
way of reconversion.    As heretofore stated, at the time a sale
was directed by the will to be made, there was an equitable
conversion of the property, and for the purposes of devolu-
tion and transfer this land was considered as money.    The
share of Hannah Patterson would go to her as personalty,
and she having died without action concerning it, such inter-
est devolved on her husband.    Under our statute he has the
right to administer on his wife's estate and is made her sole
distributee, and in the absence of any suggestion or claim
of indebtedness, the husband has the sole beneficial interest
in the property, so far as his wife's share is concerned; and
while the land on its reconversion goes to him as it was under
the will so as to be bound perhaps by intervening liens, in
another sense he takes the property by reason of his election
as a new acquisition.    Being the sole beneficial owner of his
wife's share, he alone is required to make the election as to
that share, and when made, and all concur, on reconversion
he is the owner of that interest in the land in his own right.

As the case goes back for further orders we deem it proper
to say that if there is any suggestion of debts against the
wife's estate, it may be well to direct that the husband qualify
as her administrator, as he has the right to do under the
statute.    So that the creditors, if there be such, may have
some one whom they can hold responsible for their claims,
to the extent of the wife's interest.    The principles here
stated will be found approved and sustained by authority.
*Proctor v. Ferebee,* 36 N. C., 143; *Benbow v. Moore, supra;
Ford v. Ford, supra; Craig v. Leslie, supra; Finley v. Bent*
95 N. Y., 364; *Hannah v. Lawrence,* 3 W. & S., 223; s. c.

38 Am. Dec., 755, and note; *Burr v. Sim,* 1 Whart., 252; 1 White & T. Leading C. Eq., part 2, p. 1170. And on questions of similar import see *Conigland v. Smith,* 79 N. C., 303; *Davis v. Railroad,* 136 N. C., 115.

This being true, the defendants in their answer have presented a case of reconversion by election, valid and binding on all the parties having a beneficial interest in the property, and by which the power of sale under the will is extinguished.

The adult children of S. D. Jordan have conveyed their shares to the defendants, Duckworth and Whitmire, and the husband of Hannah Patterson, who alone represents that share, has in his answer signified his desire that a reconversion be had.

It will be noted that we speak here throughout of a sale under and by virtue of the will, and on the idea that there are no debts outsanding against the estate of the testator requiring a sale of the realty. If the plaintiffs establish debts and their right to sell the land to pay the same by order of the court, such power might arise to them under the statute providing for the sale of realty to pay debts, but this question is not presented in the appeal.

It is the opinion of the court that the land, the subject of this controversy, is included in the residuary clause; that the answer, if established, presents a case of reconversion which extinguishes the power of sale under the will, and gives the defendants the right to hold the land *in specie* unless the same be required to pay the debts of the testator.

Judgment reversed.