BELLE McGHEE PHIFER v. WILHELMINA PHIFER GILES ET AL.

(Filed 15 May, 1912.)

1. Dower—Petition—Demurrer.

The allegations of a petition for dower will be taken as true upon demurrer.

2. Wills—Power of Sale—Conversion—Intent.

Bequests and devises of personal and real property, in trust, with power to sell, without making any distinction between the two kinds of property, is evidence of an intention to convert the whole to personalty, and a direction of the application of the proceeds indicates the purposes that all be sold.

3. Same—Partial Sale—Part Conversion.

The intent of the testator to convert his real and personal property in the hands of a trustee into cash must be shown by

PHIFER *v.* GILES.

an imperative power to sell, arising by express command or necessary implication; and in this case, by construction of the language of the will, "to sell said property or any portion thereof," the testator. may have intended the trustee to sell so much of the property as might be necessary to pay his debts and charges for equality among his children, and no more, in which event there would be a conversion of a part only.

4. **Wills—Power of Sale—Conversion—Intent—Trusts and Trustees —Election—Reconversion—Evidence.**

When a power in a will directs the trustee to convert the testator's real and personal property into cash for certain purposes, and this has been done, leaving unsold realty in his hands, the parties entitled to the property as converted may elect to take it in its original form, which may be inferred from acts or conduct which manifest an unequivocal intention, as a division of the lands among themselves, or holding the possession for period of years, in this case for a period of thirty years.

5. **Wills—Power of Sale—Reconversion—Dower—Petition—Demurrer.**

The petition of a widow for dower in her husband's interest in lands devised to him by his father set forth sufficient allegation that her husband and other devisees under the will had elected by their acts to reconvert the lands remaining in the hands of the testator's trustee, after he had met the requirements of the trust imposed by a partial sale of the trust estate consisting of real and personal property: *Held*, the petition upon its face set forth facts sufficient to entitle her to her dower in her husband's part of the lands, and that a demurrer to the petition was bad.

APPEAL from *Adams, J.*, at July Term, 1911, of MECKLEN-BURG.

This is a proceeding for the allotment of dower, the petitioner claiming as the widow of R. S. Phifer, who was one of seven children of M. M. Phifer.

A demurrer was filed to the original petition, which was sustained, and the petitioner excepted and appealed to this Court. The appeal was heard at the last term, and the judgment of the Superior Court was affirmed. Upon the opinion of the Supreme Court being certified to the Superior Court, the petitioner filed an amended petition, by permission of the court, by adding the following paragraphs to the original petition:

"9. That after the execution of the last will and testament of M. M. Phifer referred to in paragraph 3, and before her death, said M. M. Phifer paid the purchase money for the real estate referred to in the last will and testament of M. M. Phifer, and received a deed from said Joseph H. Wilson, conveying to her the land therein referred to in fee, it being the first tract of land described in the second paragraph of this complaint, and thereby became the owner of the legal and the equitable title to said property before her death, and at the time of her death was seized of said real estate in fee.

"10. That W. W. Phifer, executor of said last will and testament, has filed no report of his dealings with said real estate, either as executor or trustee, in the office of the Clerk of the Superior Court of Mecklenburg County, as required by law. That W. F. Phifer died on 30 December, 1882, and never qualified as executor of said last will and testament; and this petitioner is informed, advised, and believes that the deceased, M. M. Phifer, died owing no debts; that there was sufficient personal estate belonging to said M. M. Phifer at her death to pay all of her debts, and all of said debts, if any, have long since been paid.

"11. That a portion of the land hereinbefore described has been cut up into city lots; some of said lots have been sold and conveyed to various persons, deeds to which have been executed by W. W. Phifer as executor and trustee, and by W. W. Phifer and the other devisees named in said last will and testament, except R. S. Phifer; but the petitioner alleges that the greater part of said real estate has never been sold, and that the defendants George M. Phifer, Cordelia W. Phifer, Josie P. Durant, Mary W. Quinn, E. W. Phifer, and W. W. Phifer, being all the devisees and heirs at law of M. M. Phifer, deceased, except R. S. Phifer, deceased, are now in the actual possession of said unsold land.

"12. That on .... October, 1906, the defendants, W. W. Phifer individually and as the executor of the will of M. M. Phifer, Edward W. Phifer and wife, Annie Phifer, and Mary C. Quinn and husband, M. C. Quinn, Josie P. Durant, Cordelia W. Phifer and George M. Phifer, entered into an agreement in

writing whereby they attempted to divide among themselves a part of the land described in the second paragraph of this petition, which said written agreement is recorded in the office of the Register of Deeds of Mecklenburg County, in Book 209, page 494, a copy of which is hereto attached and marked Exhibit C.

"13. That there still remains a part of said land in the possession of the defendants George M. Phifer, Cordelia W. Phifer, Josie P. Durant, Mary W. Quinn, Edward W. Phifer, and W. W. Phifer, yet undivided and unsold.

"14. That this petitioner is informed, advised, and believes that the defendant W. W. Phifer, trustee and executor, has sold and disposed of more than enough of the land hereinbefore described to pay off all of the debts of M. M. Phifer, deceased, and to pay all of the devisees named in said last will and testament of the said M. M. Phifer a sum of money equal to the amount advanced to R. S. Phifer by said M. M. Phifer, as referred to in her said last will and testament, and that all of the trusts, charges, obligations and duties imposed upon said W. W. Phifer, executor and trustee, by the said M. M. Phifer in her last will and testament have been fully discharged and satisfied, and that all of said duties, trusts, charges and obligations imposed upon said W. W. Phifer, executor and trustee, were either performed by M. M. Phifer during her lifetime and after the execution of her said last will and testament or by W. W. Phifer, trustee, after the death of M. M. Phifer and before the death of the petitioner's husband, R. S. Phifer, and that at the time of the execution of Exhibit A said R. S. Phifer was seized and possessed of a one-seventh undivided interest in the land described in paragraph 2 of this petition, except such land as the trustee, W. W. Phifer, had sold off for the purpose of applying the proceeds of the sale to the payment of the debts of M. M. Phifer and the payment of the devisees named in the last will and testament of said M. M. Phifer an amount of money equal to the amounts advanced by the said M. M. Phifer in her lifetime to the petitioner's husband, R. S. Phifer.

"15. That your petitioner is informed, advised, and believes that her said husband, R. S. Phifer, at the time said deed

(Exhibit A) by him purports to have been made, was seized and possessed of a one-seventh undivided interest in the land described in paragraph 2 of this petition, except such lands as were actually sold by W. W. Phifer, executor and trustee, prior to the date of Exhibit A, for the purpose of applying the proceeds of such sale to the payment of the debts of M. M. Phifer and to the payment to said devisees except R. S. Phifer and W. W. Phifer an amount of money equal to the amount advanced to said R. S. Phifer, referred to in said last will and testament; and your petitioner desires to have her dower in said lands allotted to her, and to that end she prays the court to issue a writ to the Sheriff of Mecklenburg County, commanding him to summon three freeholders connected with the parties neither by consanguinity nor affinity, entirely disinterested and qualified to act as jurors, to view the said lands and to allot to your petitioner a one-third part of the one-seventh undivided interest in said lands, as hereinbefore set out, for the term of her natural life, and to report their proceedings to this court in due form of law."

A demurrer to the amended petition was sustained, and the petitioner again excepted and appealed.

The facts stated in the original petition, the will of M. M. Phifer, and the papers executed by R. S. Phifer, are fully reported on the former appeal, 157 N. C., 221.

*W. T. Harding for plaintiff.*
*Burwell & Cansler, Tillett & Guthrie, Cameron Morrison, and Maxwell & Keerans for defendant.*

ALLEN, J., after stating the case: When this case was before us on the former appeal, it was decided, upon the allegations then made, that the petitioner was not entitled to dower, as it was not made to appear that any part of the trusts declared in the will of M. M. Phifer had been executed, or that any part of the land devised in said will remained unsold, or that it was unnecessary to sell all of said land, or that after the payment of the debts and charges there would be any surplus.

It was also intimated that the trusts declared in said will were active trusts, and that a construction of the will was permissible to the effect that it was the intention of the testatrix to convert the realty to personalty, and that in either event the petitioner would not be entitled to dower; but the Court refrained from passing finally upon these questions, as the pleadings then stood.

The amended petition presents a new case for our consideration, and if its allegations are true, which we must assume in reviewing a judgment sustaining a demurrer to it, it is doubtful if there has been a conversion, as to the land remaining unsold after the payment of the debts and the charges for equality among the children, and if there was such conversion, the facts alleged, undisputed and without explanation, would be evidence of a reconversion.

The petitioner now alleges in substance that the debts and charges for equality, provided for in the will of M. M. Phifer, have been paid; that a sale of the land was unnecessary; that although more than thirty years have elapsed, a large part of the land remains unsold; that the beneficiaries under the will have elected to take the property as realty, and that her husband was seized in fee of an undivided one-seventh of the land remaining unsold.

These allegations are admitted by the demurrer, and must be construed liberally, and if they disclose grounds for relief, although imperfectly alleged, the demurrer must be overruled. *Brewer v. Wynne,* 154 N. C., 472.

The will of Mrs. Phifer bequeaths and devises personal and real property, in trust, with power to sell, without making any distinction between the two kinds of property, which is evidence of an intention to convert the whole to personalty (*Burr v. Sim,* 29 A. D., 52), and it directs the application of the *proceeds,* which indicates a purpose for all to be sold. The general scope of the will, examined by itself and without reference to the facts now alleged, suggests that the testatrix thought it would be necessary to sell the whole, and that she disposed of it for that purpose, which would be a conversion. *Ford v. Ford,* 2 Am. St. Rep., 124; *Lent v. Howard,* 89 N. Y., 169.

On the other hand, there is no conversion unless the power to sell is imperative, arising by express command or necessary implication (*Mills v. Harris,* 104 N. C., 626; *Benbow v. Moore,* 114 N. C., 272; *Howard v. Perry,* 15 Am. St. Rep., 124), and the power to sell conferred by the will is "to sell said property or any portion thereof," which may mean that the testatrix intended that the trustees should sell so much of the property as might be necessary to pay debts and charges for equality among the children, and no more, in which event there would be a conversion of a part only (*Smith v. McCrary,* 38 N. C., 204; *Scholle v. Scholle,* 113 N. Y., 273; *Cronise v. Horett,* 47 Md., 436; *Ray v. Monroe,* 47 N. J. Eq., 359; *Sheridan v. Sheridan,* 136 Pa. St., 20; *King v. King,* 13 R. I., 507), and if the allegations of the amended petition are true, the debts and charges have been paid, and much of the land remains unsold.

If, however, it should be held that a conversion has taken place, the specific facts alleged, considered in connection with the allegation of the petitioner that her husband was seized in fee of an undivided one-seventh interest in the land remaining unsold, if true, would amount to an allegation of a reconversion.

It is alleged that R. S. Phifer, the husband, conveyed his interest in the land, not in the fund, for the benefit of the other children of M. M. Phifer, in 1881, without the joinder of the petitioner, and that a large part of the land has remained unsold for more than thirty years, and that it has been divided as land among said children.

The doctrine of conversion and reconversion is clearly stated by *Justice Hoke* in *Duckworth v. Jordan,* 138 N. C., 525, and he there says, with reference to the latter: "This reconversion can be effected where all the parties, beneficially interested in the property, by some explicit and binding action, direct that no actual conversion shall take place, and elect to take the property in its original form. . . . In devises of the kind we are now considering, where land is directed to be sold and the proceeds divided, in order to a valid election all the interests must concur and all must be bound. If the beneficiaries are all *sui juris,* such election can be made by deed in which all join, or by answer expressly stating that the parties desire to hold

the land as it is, or this may be done partly by deed and partly by answer (and there are other methods), but all must concur by some action that will bind them."

It will be noted that, upon the facts in that case, the question was presented of a reconversion by deed or answer, but the Court said "there are other methods." Mr. Pomeroy, in his work on Equity Jurisprudence, vol. 3, sec. 1175, says: "By reconversion is meant that 'notional or imaginary process by which a prior *constructive* conversion is annulled and taken away, and the *constructively* converted property is restored, in contemplation of a court of equity, to its original actual quality.' . . . The rationale of this doctrine is clearly found in the right which every absolute owner or donee has to dispense with or forbid the execution of any trust in the performance of which he alone is interested. Reconversion is the result of an election expressly made or inferred by a court of equity. It depends wholly upon the right of election held by the person entitled to the property to choose whether he will take the property in its converted condition or in its original and unconverted form"; and again in section 1177: "It being assumed that the party entitled to the property has the capacity to elect to receive it in its unconverted form, and thus to effect a reconversion, the further question remains, how such election must or may be made. An express declaration of the intention in language is always sufficient, but is not necessary. An election may be inferred from acts or writings. Any act or writing which shows an unequivocal intention to possess the property in its actual state and condition will amount to a valid election."

It appears, therefore, that there is a reconversion when the party or parties, entitled to the property as converted, elect to take it in its original form, and that this election may be inferred from acts or conduct which manifest an unequivocal intention to do so. *Harcourt v. Seymour,* 42 Eng. Ch., 45; *In re Davidson,* 11 Ch. Div., 350.

Many expressions are to be found in the reported cases, as to the conduct which is evidence of an intention to reconvert. It is said in *Bradish v. Gee,* 1 Amb., 229, that very slight evidence of intention by acts done is sufficient; in *Putteney v.*

*Darlington,* 1 Br. Ch. R., 213, that circumstances of demeanor, even though slight, will do; in *Wheldale v. Partridge,* 8 Ves., 235, that the slightest act would do; in *Van v. Barnett,* 19 Ves., 108, that a slight circumstance is sufficient; in *Fluker v. Gordon,* 17 Bev., 434, that slight circumstances are sufficient; in *Prentice v. Underwood,* 79 N. Y., 478, that a slight expression of intention will do; and in *Burr v. Sim,* 29 A. D., 525, that holding possession for one year is entitled to some weight.

Also, it has been held that a reconversion will be inferred from an uninterrupted possession of the property in its original form and the receipt of the rents for sixteen years (*Greesbach v. Freemantle,* 17 Beav., 318); from a possession for twenty-one years (*Stuck v. Mackey,* 4 W. and S., 196); from advising with an attorney as to the right to elect to take as land, and retaining possession of the title deeds (*Davis v. Ashford,* 38 Eng. Ch., 44); from an execution of a deed (*Beal v. Stehley,* 21 Pa. St., 376).

In the last case cited land was devised with power to sell and to divide the proceeds between three persons, two of whom conveyed their interest in the land to the third, and it was held that the making of the deed by the two was an election by them to take as land, and that the acceptance of the deed by the other was an election by him.

We have thought it necessary to say this much on the question presented by the record, to show the difference between the case on the former appeal and as now constituted; but the rights of the parties cannot be finally determined until the facts are ascertained, and to that end the demurrer is overruled, with leave to answer.

Reversed.