ROPER LUMBER COMPANY v. L. F. SWAIN.

(Filed 19 March, 1913.)

**1. Wills—Lands Sold for Distribution—Executors and Administrators—Power of Sale.**

The general rule that where land is devised to be sold for division among the heirs or devisees, without more, the executor is without power to convey, does not obtain when a contrary intention appears from the terms of the will.

**2. Same—Interpretation of Wills—Intent.**

Where a will disposes of a large real and personal estate, and directs very generally a sale for division among the heirs and legatees, and concludes with the provision that the executors shall "to all intents and purposes execute this my last will and testament according to the true intent and meaning of the same, and every part and clause thereof," the intention of the instrument is to confer on the executors the power to sell and convey the lands for the division specified therein.

**3. Deeds and Conveyances—References for Description—Presumption—Register of Deeds—Parol Evidence of Location.**

Where a deed purporting to convey large tracts of land refers to various former deeds in the chain of title for description, giving the county, number of book and the page, the entries necessarily refer to the books in the office of the registers of deeds of the respective counties, which become a part of the description of the conveyance in question, and when these descriptions are not too vague or uncertain, parol evidence is competent to identify the land thereunder.

**4. Deeds and Conveyances—Lappage on Lands—Possession—Outer Boundaries—Color—Exclusion in Boundaries.**

Where there is a lappage upon lands according to the description of plaintiff's and defendant's deeds, including the *locus in quo,* the defendant cannot establish his title thereto by seven years adverse possession under color, claiming to his outer boundaries, when muniments of title in the line claimed by the plaintiff are recognized in the deed under which defendant claims, and excludes the lands in controversy.

Appeal from *Carter, J.,* at July Term, 1912, of Onslow.

Civil action, trespass *q. c. fr.,* involving also an issue as to title.

The jury rendered the following verdict:

First. Did the defendant trespass upon the lands of the plaintiff, as alleged in the complaint? Answer: Yes.

Second. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $50.

Third. Is defendant's lessor the owner of the lands described in the answer, or any part thereof? Answer: Yes.

Fourth. If so, what are the true boundaries of said lands? Answer: Beginning at A, running to B; thence 10 poles and 21 L to the nearest point in the edge of the pocosin, thence with the edge of the pocosin to the letter R; thence to S; thence to I; thence to J; thence to K; thence to L; thence to M, and thence back to the beginning, as indicated on the map by the letter A. The above description shown on map.

Judgment for plaintiff, and defendant excepted and appealed.

*Frank Thompson and L. I. Moore for plaintiff.*
*Robert Ruark and J. B. Schulken for defendant.*

HOKE, J. There was evidence on part of plaintiff tending to establish title in one Christopher Stephens; that the same had passed by mesne conveyances to plaintiff company, and that defendant had committed trespass upon the land therein conveyed. One of the deeds in the line of plaintiff's title was that of George H. Simmons, executor of Christopher Stephens, and it was insisted for defendant that the executor had no power to make a conveyance of testator's realty.

The general rule undoubtedly is that where land is devised to be sold for division among the heirs or devisees, without more, the executor is without power to convey (*Council v. Averett,* 95 N. C., 131), but the rule yields when a contrary intention appears from the terms of the will, and we are of opinion that the modification of the rule should prevail in the present case. The will disposes of a large real and personal estate, including the land in controversy, and directs very generally a sale of the same for division among the heirs, legatees, etc., chiefly among his four children, and concludes with the provision appointing the executors: "To all intents and purposes to execute this my last will and testament according to the true intent and meaning of the same and every part and

clause thereof." A clause of this character was held to confer on an executor the power to sell realty in *Saunders v. Saunders,* 108 N. C., 327, and the authority is decisive of the question presented by this exception. Again, it was objected that two of the mesne conveyances in the line of plaintiff's title were defective in that they did not contain written words sufficiently definite to permit the introduction of parol testimony to fit the description to the land conveyed. These deeds, one from W. B. Blades and others to the Blades Lumber Company and from that company to plaintiff, purported to convey large tracts of land lying in the counties of Craven, Jones, Onslow, Pamlico, and Carteret, State of North Carolina, and referring to the various deeds for description in terms as follows: "E. B. Hackburn, Craven County, Book 34, p. 390," giving each deed by name, book and page.

"Jones County: Brinkley, Charles and wife, Book 40, p. 535," etc., giving each deed by name.

"Onslow County: Andrews and Hall, Book 67, p. 237. Simmons, G. H., *et al.,* Book 67, p. 461. Simmons, G. H., Book 67, p. 271," etc., giving each deed by name of parties, book, page, etc., and like reference in other counties. These entries must refer to the registry books of the respective counties, the only place where deeds for land are or are required to be registered. Without the aid of parol evidence, they carry the mind unmistakably to these books, and, this being true, the deeds referred to for purposes of description become a part of the conveyances just as much as if incorporated in them. *Gudger v. White,* 141 N. C., 507; *Everett v. Thomas,* 23 N. C., 252. It was further urged that defendant was protected by reason of adverse occupation for the required time, under his own deeds and grant and color, and that, being upon the lappage, the force and effect of such occupation would be carried to the outer boundaries of the deed, covering the *locus in quo.* The position is sound in proper instances, but, as applied to the facts of this case, it does not aid the defendant. The description in his own grant and deed recognizes and calls for the "Williams patent" and the "John Wilkins patent," two of the muniments of plaintiff's title, and exclude the effect of his

deeds as color beyond these two lines. Defendant had no color of title, therefore, beyond the line of these patents, and, without this, his occupation did not suffice to mature his title. On perusal of the record, we find no error, and the judgment in plaintiff's favor must be affirmed.

No error.