## C. S. BROADHURST AND WIFE v. T. W. MEWBORN.

### (Filed 26 April, 1916.)

**1. Wills—Devise of Dwelling—Messuage—Lands.**

The devise of a "house," referring to the dwelling of the owner, is equivalent to the word messuage, and, in the absence of some term or clause restrictive of its meaning, conveys the lot on which the dwelling is situate, together with the outbuildings customarily used by the owner as a part of his residence, and this rule of construction is held in this case to apply to the words, "I want my mother to occupy the furnished house where we live, during her life," etc., it appearing that the house was situate upon a lot of the usual size of those of the town and clearly defined and identified.

**2. Wills—Power of Sale—Executors and Administrators—Ulterior Devisees—Reconversion.**

Where the testator directs in his will certain lands to be sold and the proceeds divided among certain of his heirs at law, there is no implied power of sale in the executor, and the proceeds of the lands will go to the heirs at law designated, in their converted form, unless the devisees, being *sui generis,* elect to take the lands.

**3. Wills—Power of Sale—Ulterior Devisees—Reconversion—Minors—Execution of Powers—Parties.**

The doctrine of reconversion by consent of the beneficiaries under a will of lands ordered to be sold after the falling in of a life estate cannot apply when some of the beneficiaries are infants, or there is a difference of opinion among them, for then an appropriate proceeding for the execution of the power of sale is necessary, probably requiring that the heirs at law be made parties thereto.

**4. Wills—Power of Sale—Reconversion—Proceeds of Sale—Vested Interests—Deeds and Conveyances.**

A devise of land with direction that, upon the death of the life tenant, they be sold and the proceeds be paid in certain proportions to testator's sister and the two nieces, the daughters of another sister: *Held,* whether the lands are reconverted or sold by proper procedure, the ulterior devisees named have a vested interest either in the lands or the proceeds of sale, to the extent of her respective interest, and the deed of either of them given for such interest is valid.

CONTROVERSY submitted without action and tried before *Bond, J.,* at February Term, 1916, of LENOIR.

On the hearing it was properly made to appear that plaintiff had contracted to convey to defendant, for $2,500, the undivided interest of Annie Whitaker Broadhurst in a house and lot in the city of Kinston, N. C., or her equitable claim to the proceeds of sale of said house and lot, if this be the nature of their interest, said plaintiff being the same Annie Whitaker Broadhurst referred to in the second item of the will of Martha J. Stanley, deceased, and under which the interest of said plaintiff arises, the item of said will being in terms as follows:

"Item 2. I want my mother to occupy the house on Queen Street (furnished), where we live, during her life, provided that she would be satisfied; but if she prefers to move into a smaller house to live, I want the said Queen Street house rented out and the rent applied to her support as long as she lives. At her death I want it sold and the money divided as follows: One-third to be paid to my sister, Cynthia Hart Winfrey, and the other two-thirds to be equally divided between my two nieces, Myrtle Whitaker and her sister, Annie Whitaker Broadhurst, daughter of Dr. F. A. Whitaker."

In reference to the "house on Queen Street," the subject-matter of this item, the case agreed contains additional facts as follows:

"5½. That at the time the said will was written and executed, and at the time of the death of the testatrix, she owned on Queen Street in Kinston a lot of land of not unusual residential size, there being in Kinston some lots smaller, some about the same size, and some larger. The said lot was inclosed by lands of other parties with its frontage on Queen Street. The said house stood on said lot and the whole of said lot was used as one residential lot by testatrix." And it is stated, further, that plaintiff had prepared a deed, properly executed by both defendants, held in escrow by the National Bank of Kinston, purporting to convey to defendant plaintiff's one undivided third interest in the house and lot in question, and that defendant was ready and willing to pay the purchase price of said deed and on delivery would convey to defendant the title to said one-third of the house and lot or the right of plaintiff to the proceeds of such interest on sale of same, pursuant to the terms of the will.

The court entered judgment that *feme* plaintiff Annie Whitaker Broadhurst was the owner of the legal title to one-third interest in the house and the lot; that the same was held subject to a power of sale in the executrix of the will of Martha J. Stanly, and that the deed referred to, on delivery, would convey to defendant all the right, title, and interest of Annie Whitaker Broadhurst in said property, whether same be considered realty or personalty, etc.

Both plaintiffs and defendant excepted and appealed from the judgment. Plaintiffs excepted, assigning for error chiefly the ruling of the court that the executors had an imposed power to sell and convey the house and lot in question, and defendant excepted, assigning for error that the ruling on the term "house on Queen Street" included also the lot on which the same was situate.

*Loftin, Dawson . & Manning and Langston, Allen & Taylor for plaintiffs.*

*Rouse & Land for defendant.*

26—171

BROADHURST *v.* MEWBORN.

HOKE, J. The devise of a "house," when referring, as in this case, to the dwelling-house of the owner, has been held the equivalent of the word messuage, and, in the absence of some term or clause restrictive of its meaning, it is said to convey the lot on which the dwelling is situate, together with the outbuildings customarily used by the owner as a part of his residence. *Wise v. Wheeler,* 28 N. C., 196; *Common Council v. State ex re,* 5 Ind., 334; *Sparks v. Hess,* 15 Cal., 187; *Riddle v. Little-field,* 53 N. H., 503; *Bacon v. Bowdoin,* 39 Mass., 401; *Rodgers v. Smith,* 4 Pa. St., 93; *Board of Education v. State,* 64 Kansas, 6. In *Rodgers v. Smith* it was held: "That in the devise of a 'house' in a will, the word house is synonymous with messuage, and conveys all that comes within the curtilage." And in *Sparks v. Hess, supra:* "The land will some-times pass without specific designation of it as land, thus, the grant of a messuage with the appurtenances will pass the dwelling-house and ad-joining buildings and also its curtilage, garden, and orchard, together with the close in which the house is built. As relevant to the question, . it is stated in the case agreed that at the time the will was written and at the death of testatrix his house in question was on a lot of average size in the city of Kinston, and the whole of it was used by the testatrix as one residential lot, and, on these facts, we concur in his Honor's de-cision that the lot is included under this clause of the will.

In regard to the position that, under the terms of the will, there was an implied power in the executrix to make sale of the house and lot for the purpose of the division, we are of opinion that no such power was conferred. True, there are numerous cases where the power of sale by the executor has been sustained. In *Lumber Co. v. Swain,* 161 N. C., 566, *Saunders v. Saunders,* 108 N. C., 327, it was held that such power existed by reason of express terms of the will, the executor having been appointed "to all intents and purposes to execute this my last will and testament according to the true intent and meaning of the same and every part and clause thereof." And the power is usually implied where there is a mixed fund of realty and personalty directed to be sold for distribution, etc., or when the proceeds of the sale is for the payment of debts or other purposes coming under the ordinary duties of an execu-tor or duties imposed upon him by other express terms of the will, as in *Council v. Averett,* 95 N. C., 131; *Vaughn v. Farmer,* 90 N. C., 607, and other like cases. But the general rule is that when a specific piece of land is devised to be sold for purposes of division among heirs or designated beneficiaries, without more, the executor has no authority to make the sale, *Epley v. Epley,* 111 N. C., 505; *Gay v. Grant,* 101 N. C., pp. 206-207; and the present case would seem to come clearly within the principle, the devise of a house and lot to be sold for division, and, so far as appears, the proceeds not given or required for the payment of debts or any of the duties ordinarily devolving upon an executor.

BROADHURST *v.* MEWBORN.

We are not inadvertent to the fact that the will, in the present case, contains the expression, "appointing the executrix to execute this my will," an expression, however, very far from having the same significance as the explicit and extended terms conferring powers on the executors in *Lumber Co. v. Swain* and *Saunders v. Saunders,* to which we have adverted, and the extent and condition of the property, too, was very different. In this case the expression, in our opinion, should be considered only as a direction to execute the powers ordinarily incumbent on executors in the performance of their official duties. The executrix, then, being without power in the premises, the legal title to the house and lot, under our decisions, would, in the meantime, descend to the heirs of the testatrix (*Clifton v. Owens,* 170 N. C., 607; *Beam v. Jennings,* 89 N. C., 451; *Ferebee v. Procter,* 19 N. C., 439) until the power of sale could be enforced by appropriate proceedings, unless the beneficiaries, being all *sui juris* and all concurring, should elect to hold the property as realty, in which case there would be a reconversion under the principles approved and applied in *Phifer v. Giles,* 159 N. C., 142, and *Duckworth v. Jordan,* 138 N. C., 525; and in such the deed of these persons would convey the title to defendant according to its tenor. If, however, the interest of any one of these beneficiaries has descended upon a minor, or if there is difference concerning the sale among them, there will have to be some appropriate court proceeding for the execution of the power of sale, in which it would be desirable and probably necessary to make the heirs at law parties. Stone's Equity, p. 260. In either event the interest owned by *feme* plaintiff is a vested right of property, and, as held by the court below, her deed properly executed would convey to the defendant *feme* plaintiff's undivided interest in the property in the one case or her portion of the proceeds thereof when the sale has occurred. The parties having agreed in such case that defendant is content to accept the deed at the contract price, the judgment below is so far affirmed that plaintiff will recover the purchase price and the deed for plaintiffs' interest will be thereon delivered.

On defendant's appeal, the judgment is affirmed.

On plaintiffs' appeal, the judgment is reversed.