Battle, J.
The pleadings present for construction two only, of the clauses in the will of the plaintiffs’ testator, Miles Brothers. The difficulties suggested in ascertaining the meaning of these clauses may be easily solved by reference to two or three adjudications of this Court.
The land directed to be sold by the second clause became personal estate at the death of the testator’s widow, when the sale was to be made. Croom v. Herring, 4 Hawks Rep. 393. Adams’ Eq. 136. The division of the proceeds was then to take place, and it must be among those of his children who were then living, and the heirs of those who had died, either before the testator or after his death, and before the death of his widow. By heirs, as applied to a bequest of personal estate, it is settled that those are to take who are entitled according to the provisions of the statute of distributions; Croom v. Herring, ubi supra. Freeman v. Knight, 2 Ire. Eq. Rep. 72. In the events which have occurred, the husbands respectively of the testator’s deceased daughters, Sarah Ami and Susan, are entitled, instead of the administrator of their respective daughters Margaret Ann and Pernina, who died intestate and without issue, before the period of division. Indeed had the latter been living at that time, their fathers would have been entitled as representatives of their deceased wives. The children of Milly Reed, another deceased daughter of the testator, . take their mother’s share per stirpes.
*117 There can be .no doubt that the executors construed thé seventh clause aright, in deciding to sell one-half of the remainder of the land mentioned, after setting apart twenty-five acres for C. W. Brothers. The proceeds of that sale were personal estate from the death of the testator, because the sale was directed to be made immediately, and the division was to take place at the same time. Hence we are to enquire who were his heirs? that is, who were entitled to claim, from him under the statute of distributions, at the time of his death ? These were his children, and his grand-children who represented their deceased mothers per stirpes. As two of the grandchildren died after the testator their shares will go to their personal representatives. The children of Milly Reed, deceased, can claim in this, as in the other fund, only their mother’s share.
The difference in the distribution of the two funds arises, as it will be perceived, from the fact that the first was to be divided, at the death of the testator’s widow, among the testator’s children who might be then living, and the heirs (that is, those who might be entitled to take under the statute of distributions) of such of his children as were then dead; and the second ■ was to be divided, at the testator’s death, among dll his own heirs: that is, among those who were then entitled to take under the statute from him.
Pub Oubiam. Decree accordingly.