(17 Misc Rep. 221)

HARPER et al. v. CHATHAM NAT. BANK OF NEW YORK et al.

(Supreme Court, Special Term, New York County.  May, 1896.)

1. CONVERSION OF REALTY INTO PERSONALTY—ELECTION TO TAKE LAND.
   Where a devise effects a conversion of realty, to take effect on the death of the life tenant, the remainder-men may, before the termination of the life estate, make their election to take the land instead of the proceeds, and thereby defeat the power of sale.

2. SAME—RIGHT TO ELECT—EQUITABLE TITLE.
   The right of beneficiaries under a will which converts realty to elect to take the realty, instead of its proceeds, is not limited to cases where the beneficiaries hold also the legal title.

Action by John W. Harper and others against the Chatham National Bank of New York and others to determine the rights of the parties in trust property.

Holmes & Adams, for plaintiffs.
Steele & Dickson, for defendants.

BEEKMAN, J.   There was undoubtedly a conversion out and out of the real estate devised by the testator to his wife during her life, to take effect upon the decease of the life tenant, when the property is directed to be sold, and the proceeds divided equally between the testator's grandchildren, Ellen Jane Haight and William D. Harper, whose interests must be deemed to have vested at the time of the decease of the testator.   While it may be that the title in remainder to the land itself passed under the residuary clause of the testator's will, Ellen Haight and William Harper were really the equitable owners of the property, having the entire beneficial interest in the lands after the decease of the life tenant.   Armstrong v. McKelvey, 104 N. Y. 179, 10 N. E. 266; Id., 39 Hun, 213.   Even the rents of the property between its actual conversion and the date when, by the terms of the will, the conversion is to take place, belong, not to the person having the legal title, but to the beneficiaries who are to receive the proceeds of sale.   Moncrief v. Ross, 50 N. Y. 431.   It was, I think, competent for both Ellen J. Haight and William D. Harper to assign or mortgage their respective interests before the death of the life tenant.   In so doing, they transferred all their right, title, and interest, whatever it may be called, to the property or its proceeds.   The foreclosure of the mortgage made by William D. Harper and the sale of his interest in the property under the decree were effectual to convey whatever his interest was. The Chatham National Bank, therefore, stands in the same position as William D. Harper would have occupied, but unaffected by any liens or charges upon that interest which accrued subsequent to the mortgage.

From this point of view, the question as to whether there has been an election to take the land or its proceeds is simply one of convenience.   The substantive rights of the parties to this action are not affected by the determination of the question.   At the time the mortgages by William D. Harper and Ellen J. Haight were made, a formal instrument was executed by them, directed to

the executors, stating that they did not desire the power of sale to be exercised, but that they elected to take the real estate itself instead of its proceeds. In the mortgages which they gave, a similar declaration was inserted, a painstaking effort being thus made to indicate, beyond the peradventure of doubt, that they had a settled purpose and intent to take the real estate itself, instead of its proceeds. It is claimed that they had no right to make this election before the termination of the life estate, on the ground that such an election can only be made when the conversion in law has taken place. I do not concur in this view. I can perceive no reason why the election should not be exercised in advance of the period for the sale, inasmuch as it in no way operates prejudicially to the rights or interests of any other persons.

The same question underwent examination in the case of Meek v. Devenish, 47 Law J. Ch. 57. It was there said by Malins, V. C.:

"The other point which I have to decide here (and it is one upon which I have not had the slightest doubt from the moment the case was opened) is whether a person who is entitled absolutely in a contingent event may not, before the happening of the contingency, bind the trustees, and say to them. 'If the contingent event happens before my death, I will elect to have this property kept in specie.' I have no doubt whatever that if property is given to trustees upon trust to sell, and pay the proceeds to A. if one event happens, and to B. if another event happens, B. has as much right, before the event happens, to say, 'If I become entitled to this property, I will not have it sold,' as he would have to say, if the event happened in his favor, 'I will not have it sold.' * * * I believe the law to be thoroughly settled that, when a man is entitled to property in a contingent event, he may devise it, he may dispose of it, he may make it the subject of mortgage, or sell it, or make it the subject of election or anything else. All he must do is to take care that nothing is done to interfere with the interests of third parties; but, if notice is given while his interest is contingent, it is just as binding when the contingency happens as if it were given afterwards."

I find no difficulty in applying this common-sense doctrine, thus tersely and vigorously expressed, to the case before me; and I am therefore of the opinion that the election to take the property instead of the proceeds was efficiently and completely exercised by the two beneficiaries when these mortgages were made.

I do not concur in the suggestion that has been made that a right of election exists only where the beneficiary of the sale holds also the legal title, as it does not seem to be supported by the reason for the rule given by Judge Earl in the leading case of Hetzel v. Barber, 69 N. Y. 1. At page 11, he says:

"As they are entitled at once to the money, they could, at public or private sale, offer more for the land than any one else, and could thus, if the donee of the power acted honestly and fairly, prevent a sale to anyone else, or they could take the money, and at once again invest the same in land. Hence, the law, very properly, gives them the right to elect to take the land, and it must be presumed to have been the intention of the donor of the power that they should have such election."

The same question was considered in the case of Armstrong v. McKelvey, supra. There Judge Finch says, at page 183, 104 N. Y., and page 267, 10 N. E.:

"It may very well be that, while this reconversion changed the defendants from legatees of money to devisees of land, the change did not divest the

heirs at law of their legal title, and ipso facto transfer that title to the defendants, as might easily be held where the devisees and heirs at law were absolutely identical. But that inquiry need not be pursued. The legal title which descended was purely formal, utterly barren and naked, and the effect of defendants' election was, at least, to vest in them the equitable ownership of and the entire beneficial interests in the land, and enable them at any moment to require and compel from the holders of the formal title its complete transfer."

The right of the beneficiaries of a mandatory power of sale to defeat the power by election is too well settled to admit of any question, even though apparently it seems to defeat the intention of the testator.    Prentice v. Janssen, 79 N. Y. 489; Greenland v. Waddell, 116 N. Y. 234, 22 N. E. 367; McDonald v. O'Hara, 144 N. Y. 566, 39 N. E. 642.

I am therefore of the opinion that the power of sale in the executors cannot be exercised, and that the share of William D. Harper in the land is vested absolutely in the Chatham National Bank. It also follows that the mortgage made by Ellen J. H. Haight to J. Harper Bonnell upon her interest in the real estate in question, to secure the payment of $20,000, now held by the First National Bank of Plainfield, N. J., is a valid lien and charge upon the property therein described.

It now becomes necessary to consider the proper disposition of a certain trust fund, amounting to $100,000, which is held by the plaintiffs under the second clause of the will. The trust was for the benefit of the widow of the testator during her life, and, upon her decease, the fund, under the thirteenth clause of the will, is divisible between the grandchildren of the testator. William D. Harper and Ellen J. H. Haight, two of the five grandchildren who were living at the time of the death of the testator, took each an undivided fifth part of said fund. At the time William D. Harper mortgaged his interest in the real estate to Henry Day, to secure the sum of $27,000, he also assigned to Day his interest in this fund as additional collateral security for said debt. Subsequently, William D. Harper made a second mortgage, to secure the sum of $20,000, which was also accompanied by a similar transfer of his interest in said trust fund. This last mortgage was assigned to the Chatham National Bank, and was foreclosed, and it is pursuant to the sale had under this foreclosure that the bank asserts its title to the mortgaged premises. Upon the sale, the property was purchased subject to the first mortgage of $27,000. This first mortgage, therefore, entered into and formed a part of the consideration upon the transfer. It was subsequently assigned for value to the Chatham National Bank. If it were still held by the executors of Mr. Day, the court would direct them to first exhaust their remedy against the realty; and the bank stands in the same position, but with the added obligation to discharge the mortgage, in view of the fact that it really formed part of the consideration upon which the purchaser at the foreclosure sale, in whose place it stands, acquired the realty. The bank has therefore no right to participate in the trust fund by reason of this particular mortgage, and the judgment

herein should so provide.  It is, however, entitled to be paid out of the one-fifth interest of William D. Harper in the fund in question the amount of the deficiency judgment recovered against him upon the foreclosure of the $20,000 mortgage above mentioned, and such claim constitutes a first charge upon such interest.

In May, 1886, Ellen J. H. Haight mortgaged her interest in the realty to Henry Day, to secure the payment of the sum of $25,000 and interest.  She did not assign to him her interest in the trust fund.  In August, 1889, she made a second mortgage on her interest in the real estate to J. Harper Bonnell, to secure the payment of the sum of $20,000; and at the same time she assigned her interest in the trust fund as additional collateral security for the payment of the debt.  The notes given to secure this last-mentioned indebtedness and the collateral security are now owned and possessed by the First National Bank of Plainfield, N. J.  The mortgage is in course of foreclosure.  There are transfers and incumbrances subsequent to these mortgages affecting both the real and personal interests acquired by Ellen Haight under the will.  The First National Bank of Plainfield has, by virtue of the assignment above mentioned, a first lien upon the interest of Ellen J. H. Haight in the trust fund, and such interest should be applied towards the discharge of that claim.  The judgment, in providing for this, should require that the amount so paid should be credited upon the amount found to be due in the foreclosure proceedings.  Should there be a surplus after a sale had in those proceedings, the conflicting rights and interests of the subsequent lienors can be determined in proceedings taken for the distribution of such surplus.  The judgment should also provide for the discontinuance by the Chatham National Bank of the action now pending against the plaintiffs and others for the sale of the undivided interest of William D. Harper in the trust fund in question.  The costs of the plaintiffs are awarded out of the entire fund.  The costs of the other parties should be payable out of the shares of the defendants whom they represent.  All further questions in reference to costs and additional allowances will be determined on the settlement of the decision and final judgment, notice of which should be given.

Ordered accordingly.