ADA KIRKMAN v. JAMES A. HODGIN, MATTIE K. STONE,
Administratrix of S. O. Kirkman, Intervenor.  ·

(Filed 23 December, 1909.)

**Wills — Devisees — Contract for Division—Independent Property—
Consideration — Chattels — Reservation of Life Estate — Cove-
nants—Interpretation of Contracts—Intention.**

 In dividing the estate of the testator between his widow and
two sons, A. and S., the widow having the life estate and the
sons the remainder in certain portions, the widow and sons
entered into and effectuated a written agreement among them-
selves, agreeing, among other things, that S. was to convey to A.
certain property, and that the widow would hold until her death
the proceeds of a certain note, which was her own property, and
after her death the balance of the proceeds of the notes to go to
S., or his heirs. *Held*, (1) the contract to be a personal one be-
tween the parties; (2) that it should be construed to effectuate
the intention of the parties; (3) the agreement will be construed
as a distinct covenant that the widow shall have the use of the
proceeds of the note during her life, and not as a conveyance of
chattels, reserving a life estate to the grantor, and that the
division of the estate under the contract was a sufficient consid-
eration.

APPEAL from *Long, J.,* June Term, 1909, of GUILFORD.

Civil action, to determine the ownership of a fund of $1,000
in the possession of James A. Hodgin, trustee, heard upon excep-
tions to report of referee, which report is as follows:

"In obedience to the order of reference made in this action,
I proceeded on 6 May, 1909, to execute the same. The testimony
taken is herewith submitted, and from the testimony and admis-
sion in the pleadings I find:

"That W. L. Kirkman died testate, leaving his surviving
widow, Lydia E. Kirkman, and two sons, A. L. Kirkman and
S. O. Kirkman; that he devised and bequeathed his whole estate
to his widow for life, with remainder as to part of his realty to
his son A. L. Kirkman for life, remainder to A. L. Kirkman's
wife and children, and the balance of his estate to S. O. Kirk-
man.

"That shortly after the death of W. L. Kirkman, his said
widow, Lydia E., and his sons, A. L. Kirkman and S. O. Kirk-
man, entered into a contract to divide the estate of the said tes-
tator, without waiting for the termination of the life estate. By
this agreement A. L. Kirkman was to hold a part of the real
estate devised to S. O. Kirkman, and S. O. Kirkman was to hold
a part of the real estate devised to A. L. Kirkman, and in accord-
ance with the terms of the agreement and contract S. O. Kirk-

man conveyed a part of his property to A. L. Kirkman. By said agreement the personal estate was also divided.

"In this agreement and contract, Lydia E. Kirkman, the widow, agreed to hold until her death the note of Webb Hunt, or the proceeds thereof, and after her death the balance of the proceeds to go to S. O. Kirkman. Some time after this agreement and contract was entered into, the said widow married John G. Davis, who had knowledge of this agreement and contract.

"This Webb Hunt note was for $1,000 and was the separate property of Lydia E. before the death of her husband—was no part of his estate. She collected the note and deposited the proceeds in the Peoples Five Cent Savings Bank in December, 1905. Soon thereafter the widow, Lydia E., married John G. Davis. The Five Cent Savings Bank was afterwards consolidated with the Greensboro Loan and Trust Company, and the account of Lydia E. was transferred to the Greensboro Loan and Trust Company, in the name of Lydia E. Davis. By order of Mrs. Lydia E. Davis, her account was transferred to her husband, John G. Davis, in February, 1896. Davis kept two accounts with the bank, keeping account transferred to him by his wife separate from his other account. The principal of said deposit was kept intact.

"Lydia E., A. L. and S. O. Kirkman have all since died. During their lives they held the property of W. L. Kirkman according to the terms of the contract, and it has since so been held.

"A. L. and S. O. Kirkman administered, with the will annexed, upon W. L. Kirkman's estate, and since their deaths James A. Hodgin administered *de bonis non,* and has administered the same according to the terms of the agreement and contract.

"Mrs. Lydia Kirkman died 20 February, 1905, and, some time after that, her surviving husband, John G. Davis, transferred and assigned to James A. Hodgin, trustee, $1,000 and the interest accrued since the death of my wife, in trust, to hold for Mrs. Ada Kirkman, plaintiff; this $1,000 being the proceeds of the Webb Hunt note, an account of which was kept separate, in the name of John G. Davis, as above stated, 'Unless it shall be determined that said money belongs to the heirs of S. O. Kirkman,' that question to be settled by the lawyers named, if they could agree; if not, to be settled by litigation. There is now in the hands of Hodgin, trustee, the sum of $1,174.64, principal and accrued interest, of amount deposited by Lydia E. Kirkman.

"Upon the facts your referee concludes, as matter of law, that

the agreement (Exhibit B) was a personal contract between the parties thereto; and to effectuate the intentions of the parties, the proper construction is that at the death of Mrs. Lydia Kirkman-Davis the balance of the proceeds of the Webb Hunt note, *i. e.,* the amount of the deposit held by James A. Hodgin, trustee, should be paid to the representatives of S. O. Kirkman.

JAMES T. MOREHEAD, *Referee."*

The court overruled the exceptions and confirmed the report, and rendered judgment in favor of the defendant Mattie K. Stone, administratrix of S. O. Kirkman. The plaintiff excepted and appealed.

*Justice & Broadhurst* for plaintiff.
*Scott & McLean* for defendants.

BROWN, J. The basis of this action is the following paper writing, referred to in the report as Exhibit B:

*"Agreement.*—L. E. Kirkman, S. O. Kirkman and A. L. Kirkman. We, L. E. Kirkman, S. O. Kirkman and A. L. Kirkman, do this day agree to the following form, in shape of division of the property of W. L. Kirkman, deceased, as follows:

"L. E. Kirkman to hold until her death the note of Webb Hunt, or the proceeds thereof; also to hold the $500 to be collected from the estate of W. M. Kirkman, and after her death the balance of the proceeds to go to S. O. Kirkman or his heirs.

"A. L. Kirkman's heirs are to hold the lot on South Elm Street, on the west side, known as the Kirkman building; also vacant lot on east side, and half the balance of the notes, accounts, mills, stocks, safe, etc.

"S. O. Kirkman to hold the home place and the place what is known as the Dillon place; to hold all the personal property, stock, grain, hay, etc., now he is in possession of; and it is further agreed that each, A. L. Kirkman and S. O. Kirkman, shall, from this day on, have and derive such benefits as may arise from above-mentioned property allotted to each of us.

LYDIA E. KIRKMAN,<br>A. L. KIRKMAN,<br>S. O. KIRKMAN."

We agree with the conclusion reached by the learned lawyer who acted as referee in this case, that the agreement is a personal contract between the parties thereto; and to effectuate the intentions of the parties the proper construction is that at the death of Mrs. Lydia Kirkman-Davis the balance of the proceeds

of the Webb Hunt note, *i. e.,* the amount of the deposit held by
James A. Hodgin, trustee, should be paid to the representatives
of S. O. Kirkman.

This paper writing is not an attempt by the absolute owner of
chattels, by deed, to reserve a life estate for his own life and then
to create a remainder interest in them by a limitation over to
some one else. It is well settled that such limitation over is void
and the grantor takes the whole estate under the reservation.
*Dail v. Jones,* 85 N. C., 222.

The instrument signed by the then Mrs. Kirkman and the two
sons does not purport to be a deed of conveyance of property,
but an executory agreement, founded upon a mutual and valu-
able consideration, for the settlement of the estate of their testa-
tor, W. L. Kirkman.

Such an agreement may be enforced. 3 Pom. Eq., 1235.
There is ample consideration to support it. To make a con-
sideration, it is not necessary that the person contracting should
receive any benefit; it is sufficient if the other party be subjected
to loss or inconvenience. *Brown v. Ray,* 32 N. C., pp. 73 and 74;
*Sherrill v. Hogan,* 92 N. C., 345. The findings of the referee
show that the parties to this agreement, being desirous of making
a division of the estate of W. L. Kirkman before the falling-in
of the life estate of Lydia E. Kirkman, entered into the afore-
said agreement. It was an obligation on the part of Lydia E.
Kirkman-Davis to S. O. Kirkman and his heirs or next of kin;
the consideration on the part of S. O. Kirkman being the con-
veyance by him of valuable real property in the city of Greens-
boro to his brother, A. L. Kirkman.

S. O. Kirkman parted with his property, both real and per-
sonal, in accordance with the terms of this contract, and this was
a sufficient consideration to support the contract as against Lydia
E. Kirkman and her assignee.

In order to give effect to the plain intention of the parties to
this agreement, which is the true principle for the construction
of all instruments, the Court will not construe it into a convey-
ance of chattels, reserving a life estate to the grantor, but rather
as a distinct covenant that Mrs. Kirkman shall have the use of
the property in controversy during her life, to which she as-
sented. *Howell v. Howell,* 29 N. C., 491.

As said by *Mr. Justice Battle,* "Where, from the peculiar
phraseology of the instrument, the benefit of an estate for life
can be given to the grantor, or donor, by construing the apparent
reservation into a covenant on the part of the grantee or donee
that the other party shall enjoy the profits of the chattels granted

or given, then, *Ut res magis valeat, quam pereat,* the grantee or donee shall take the property, subject to the covenant." *Lance v. Lance,* 50 N. C., p. 414.

The judgment of the Superior Court confirming the report of the referee is

Affirmed.