L. C. ELLIOTT, ADMINISTRATOR, v. W. D. LOFTIN.

(Filed 13 November, 1912.)

**Wills — Interpretation — Intent—Conversion—Realty—Descent and Distribution—Interpretation of Statutes.**

A testator devised lands to his three sons, the rents to be used for their benefit till the youngest became twenty-one years of age, then the lands to be sold for cash and divided between them. The devisees died intestate, without wife or child, before the youngest became of age: *Held*, the intent of the testator controlling, there was not, under the terms of the will, a conversion of the lands into personalty as of the death of the testator, but the lands remained realty to descend to the heirs at law of the blood of the testator. Revisal, sec. 1556, Rule 4.

APPEAL by defendant from *O. H. Allen, J.,* at March Term, 1912, of RANDOLPH.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Hammer & Kelly, John T. Brittain, and J. A. Spence for plaintiff.*
*H. M. Robins for defendants.*

CLARK, C. J. The testator devised land to his three sons, "the rents to be used for their benefit," till the youngest became twenty-one years old; "then I will the said tract to be sold for cash and the money be equally divided among them." All three sons died before the youngest arrived at age. Neither of them left wife, child, or will, and their mother died before them; and they were the only children of the testator. The land was sold by a decree of court upon petition by the guardian of the youngest son, who survived his brothers. The sole question is whether by the terms of the will there was a conversion into

personalty as of the date of the death of the testator, in which event the plaintiffs who are the next of kin on the mother's side shall share in the proceeds, or whether the will provided for the conversion into personalty only upon the arrival at age of the youngest son, in which case the land, or its proceeds, are realty and belong to the heirs at law of the blood of the testator. Revisal, 1556, Rule 4.

We are of opinion that the land has never been converted, because the contingency or condition provided in the will for conversion by a sale has never happened. *Brothers v. Cartwright,* 55 N. C., 113; *Tayloe v. Johnson,* 63 N. C., 381. Indeed, the facts of this case are stronger than in *Brothers v. Cartwright,* because the testator's intention is more clearly manifested that the land should remain real estate until the arrival of age of the youngest son, for the will provides that the "rents" shall be used for the benefit of the brothers until that time.

It is true that when a will provides that real estate shall be converted into personalty, without specifying the time at which the same is to be converted, and nothing is required to be done except a sale of the property, the law construes the proceeds as personalty from the death of the testator, because equity will hold that "to be done which ought to be done." But in this case it is evident that the land was not to be sold until the youngest son became of age, and that in the meantime it was to be held as realty.

Whether there was a conversion at the death of the testator, or whether the conversion was postponed till the arrival at age of the youngest son, depends upon the intention of the testator, and we think his Honor properly held that the proceeds of the land were realty.

Affirmed.