MRS. BERTHA HARRIS SEAGLE v. GEORGE HARRIS, EXECUTOR OF WILL OF H. W. HARRIS, AND GEORGE HARRIS AND CARROLL HARRIS.

(Filed 2 November, 1938.)

1. Conversion § 1—

Equitable conversion is the change in property from real to personal, or from personal to real, the change not actually taking place, but being presumed by application of the maxim that equity regards that as done which ought to be done.

**2. Conversion § 2—**

Direction in a will that the executor sell certain lands and use the proceeds of sale to pay debts of the estate, and divide the balance among testator's three children, are imperative directions constituting an equitable conversion of the property into personalty.

**3. Conversion § 4—All beneficiaries must unite in electing a reconversion.**

When property is converted by will from realty to personalty for division among designated beneficiaries after payment of certain debts, all the beneficiaries must unite in order to constitute a reconversion by election, and such election must be expressly made or inferred from acts and conduct which manifest an unequivocal intention to do so, and the circumstances relied on by plaintiff beneficiary are held insufficient to justify a finding that defendant beneficiaries had joined in an election for a reconversion, and judgment of the trial court that plaintiff beneficiary was not entitled to hold one-third the land in question in severalty upon tender of her *pro rata* part of the debt, is without error.

**4. Executors and Administrators § 12b—**

Finding of the court that the executor had not abused his discretion in sale of lands under direction of the will, upheld.

APPEAL by plaintiff from judgment rendered by *Rousseau, J.,* at Chambers, 28 April, 1938. From CATAWBA. Affirmed.

This was an action to restrain the sale of certain lands by defendant executor, and for the allotment of one-third in value of said lands to the plaintiff in severalty. It was agreed that the judge of the Superior Court should find the facts and render judgment out of term and out of the district. From judgment dissolving the temporary restraining order and denying plaintiff's right to actual partition of the lands, plaintiff appealed.

*Chas. W. Bagby and C. David Swift for plaintiff.*
*J. L. Murphy and M. H. Yount for defendants.*

DEVIN, J. H. W. Harris, the father of the plaintiff and the defendants, died leaving a last will and testament wherein, after devising certain property to his children, he made the following disposition of the remainder of his estate: "Eighth: All the remainder of my property, both real and personal, not hereinbefore devised, I leave to my executor hereinafter named, to sell and dispose of, either at public or private sale, and at such times as in his judgment he may deem best; and out of the proceeds from the property left to him in this clause of my will, I direct him to pay all my funeral expenses and other just debts and obligations, other than open accounts that may be due by the store for goods bought in connection with that business, all of which accounts are to be paid out of any money on hand at the time of my death due said store business; after paying all my just debts and funeral expenses of

myself and wife, including a suitable monument, and the cost of administration of my estate out of the proceeds from the sale of the property specified in this clause of my will, the remainder shall be divided equally between my three children, to wit: George Harris, Carroll Harris, and Mrs. Bertha Harris Seagle."

George Harris was named executor. The indebtedness of the estate referred to in the quoted paragraph of the will was found to amount to about $12,000.

The executor advertised for sale in Hickory, North Carolina, at public auction for cash the various tracts of land which passed under the eighth item of the will, when plaintiff instituted this action and obtained a temporary restraining order restraining the sale. Plaintiff in her complaint asked that her one-third share in the property directed by the will to be sold be allotted to her in severalty. She offered to pay one-third of all debts and charges, and to pay the cost of partition, and for this purpose tendered into court $4,000. The plaintiff further alleged that the defendant executor had abused his discretion as to the time and method of sale of the land as further ground for the continuance of the restraining order.

The court found, among other things, that the property mentioned in item eight of the will had a market value of approximately $41,000, consisting of nineteen or more tracts of land, both farm property and city lots, two or more of the tracts being located in counties other than Catawba County, and "that the lands mentioned in item eight are capable of actual partition with very slight, if any, difference in the value thereof."

The court, after making certain other findings not material to the determination of the questions here involved, concluded as follows: "Upon the foregoing facts the court is of the opinion and so holds that item eight of the will worked a conversion of the property therein mentioned; that the plaintiff elected to reconvert; that the defendants did not join in such election to reconvert; that all three must elect to reconvert before there can be a valid reconversion; that the plaintiff's complaint and replication do not state a cause of action or entitle her to restraining order; and that the restraining order should be, and it is hereby dissolved; and that the executor has not abused his discretion."

The direction in the will that lands be sold and that the proceeds of sale, after the payment of debts, be divided among the testator's three children, constitutes an equitable conversion, as an application of the maxim that equity regards that as done which ought to be done, and requires the court to treat the property as having that character which by the terms of the will it was directed to have. "Equitable conversion is a change of property from real into personal, or from personal into real, not actually taking place, but presumed to exist only by construc-

tion or intendment of equity." *Clifton v. Owens,* 170 N. C., 607, 87 S. E., 502; *Duckworth v. Jordan,* 138 N. C., 520, 51 S. E., 109; Bispham's Equity, sec. 307. Land directed to be sold and turned into money is considered as that species of property into which it is directed to be converted, and the rights of the parties are regarded as subject to the rules applicable to the property in its changed and not in its original state, although the change may not have actually taken place (Bispham's Equity [10th Ed.], sec. 307), and persons claiming property under an instrument directing its conversion must take it in the character which the instrument has impressed upon it, and its subsequent disposition will be governed by the rules applicable to that species of property. *McIver v. McKinney,* 184 N. C., 393, 114 S. E., 399; *Brown v. Wilson,* 174 N. C., 636, 94 S. E., 416; *Benbow v. Moore,* 114 N. C., 263, 19 S. E., 156; *Brothers v. Cartwright,* 55 N. C., 113; *Proctor v. Ferebee,* 36 N. C., 143.

The correlative doctrine of reconversion is the imaginary process by which a prior constructive conversion is annulled and the property restored in contemplation of equity to its original actual quality. This may be accomplished when the direction to convert is revoked by act of law, or where the parties entitled to the property elect to take in its original form. In the latter case the rule is stated in *Clifton v. Owens, supra,* as follows: "But where there are several beneficiaries they must all, as a general rule, unite in the election to make it effective." And in *Duckworth v. Jordan, supra:* "Reconversion can be effected where all the parties, beneficially interested in the property, by some explicit and binding action, direct that no actual conversion shall take place, and elect to take the property in its original form." In 13 C. J., 889, it is said: "Where land is directed to be converted into money, or money directed to be converted into land, all the parties entitled beneficially thereto have the right to take the property in its unconverted form, and thus prevent the actual conversion thereof. . . . In the case of land, the election of one of the beneficiaries alone will not change the character of the estate; all the persons so beneficially interested must join, and all must be bound." *Walling v. Scott,* 50 Ind. A., 23; *McWilliams v. Gough,* 116 Wis., 576. All beneficiaries must unite to elect. Bispham's Eq. (10th Ed.), sec. 323. "When the direction is to turn land into money, one co-owner cannot elect to keep his share in land." 3 Pom. Eq. Jur., sec. 1176 (note 2). In order to render the principle of conversion applicable, the power to sell and convert must be imperative, and when a conversion has been effected, the election of the parties to take the property in its original form may be inferred from acts and conduct which manifest an unequivocal intention to do so. *Phifer v. Giles,* 159 N. C., 142, 74 S. E., 919. Reconversion is the result of an

election expressly made or inferred by a court of equity. 3 Pom. Eq. Jur., sec. 1175.

In the instant case the remainder of the real as well as personal property was devised to the executor with direction to sell, and, out of the proceeds, to pay all the testator's debts and obligations (except those incurred in the store business), and divide the balance among the three children, the plaintiff and the defendants. Under the circumstances of this case, considering the imperative directions contained in the will (*Mewborn v. Moseley,* 177 N. C., 110, 97 S. E., 711), and in accord with the well established principles of equity stated in the decisions of this Court and the authorities cited, the ruling of the court below that the plaintiff was not entitled to have one-third of the lands embraced in item eight of the will allotted to her in severalty without the consent of the other beneficiaries must be upheld. The plain provision of the will may not be disregarded save by the consent of all.

Plaintiff's assignment of error that the court failed to find that defendants, as well as plaintiff, had elected to reconvert, cannot be sustained. The finding of the court on this point is in accord with the evidence. The circumstances relied on by plaintiff are insufficient to justify a finding that defendants had joined in an election for a reconversion and for partition of the lands in severalty.

The finding of the court that the executor has not abused his discretion will not be disturbed on this record.

The judgment below is
Affirmed.