Petition for partition.
The plaintiffs and defendants are residuary legatees, or their representatives, under the will of Adelaide A. Wineke, late of Baltimore County, Maryland. The lands sought to be partitioned are situate in Pasquotank County, North Carolina.
It is provided in the will of the deceased that if at the time of her death there should be a mortgage on her Camden and Light Street properties, situate in the city of Baltimore, "my executor shall pay off said mortgage out of the further assets constituting my estate." There were four mortgages on these properties aggregating $40,000 at the time of the death of the testatrix, no part of the principal of which has since been paid. The further assets of the estate consist of personal property amounting to approximately $15,000, a home place and other properties in Baltimore valued at $11,000, and the lots situate in Pasquotank County here sought to be partitioned.
The executor, Jacob France, intervened and demanded the right to sell the lots in question under the will and apply the proceeds to the mortgages on the Camden and Light Street properties.
The petitioners interposed a demurrer to the interplea of the executor on the ground that "the provisions of the will are not sufficient to permit an order authorizing such sale by the executor unless the allegations in his petition are in compliance with the statute relating to the sale of property by an executor to make assets." Demurrer sustained, and the interpleader appeals, assigning error.
The will in question confers no power of sale on the executor as was the case in Seagle v. Harris, 214 N.C. 339, 199 S.E. 271, cited and relied upon by appellant. It would seem, therefore, that the executor should proceed in the usual way to sell the "further assets" of the estate in order to pay the debts in accordance with the directions of the testatrix.Neighbors v. Evans, 210 N.C. 550, 187 S.E. 796.
The demurrer was properly sustained, though the interpleader will doubtless be permitted to recast his petition. Harris v. Board ofEducation, ante, 147.
Affirmed. *Page 240