WACHOVIA BANK & TRUST CO., EXECUTOR OF LAURA L. ALLEN, v. ANN IRENE ALLEN, ADA HUSK ALLEN, LAURA LOLINE ALLEN SAUNDERS, NETTIE ALLEN THOMAS VOGES AND HUSBAND, HENRY E. VOGES, LAURA THOMAS HALL AND SOSNIK & SOSNIK, INC.

(Filed 9 June, 1950.)

**1. Wills § 33c—**

Where a woman of 63 years of age, without children, is the owner of lands devised to her with provision that if she should die without issue testatrix' executor should sell the property and divide the proceeds among testatrix' heirs, it may be assumed for all practical purposes that devisee holds only a life estate in the premises.

**2. Conversion § 3—**

Where a will provides for the sale of land and the distribution of the proceeds of sale, the beneficiaries must ordinarily take in the character which the will impresses upon the property, but they may by unanimous consent, including remaindermen and other holders of future interest, elect to reconvert and take the property as land, in which case the executor's power of sale is extinguished.

**3. Conversion § 3: Executors and Administrators § 12b—All persons having beneficial interest in proceeds of lands having elected to reconvert, such reconversion is effective and defeats executor's power to sell.**

The land in suit was devised to testatrix' daughter with provision that if she should die without issue the lands should be sold and the proceeds divided among the other children of testatrix, the issue of deceased children to take the share of their parents. The devisee is now a woman 63 years old without children, and the other children of testatrix are *sui juris.* The devisee and the remaindermen executed a fifty year lease with the joinder of the children *sui juris* of a deceased child of testatrix. The executor and the guardian *ad litem* for any issue which may be born to any of the beneficial owners, represented to the court that execution of the lease was for the benefit of all interested parties. *Held:* Under the facts and circumstances, a court of equity has power to authorize the executor to execute the proposed lease and to direct that the executor should not sell the lands, but that upon the death of the devisee without issue title should vest in the other children of testatrix or their issue, since all persons having any interest in the property have elected to reconvert, and further the lease may be construed as a family agreement for the settlement of the estate.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1950, of FORSYTH.

This is an action instituted for the purpose of ascertaining whether or not the Court would approve the execution of a long-term lease by the plaintiff, on behalf of the estate of Laura L. Allen, under the facts disclosed by the record.

Laura L. Allen died owning a tract of land fronting 85 feet on Spruce Street in the City of Winston-Salem near the intersection of Spruce Street and Fourth Street. By her will, she devised this property as follows:

"Second. I devise and bequeath to my children Annie and Sidney E. Allen equally, the house known as #318 Spruce Street in the City of Winston, N. C. In the event of the death of either one of these children without issue the survivor shall inherit the deceased one's interest and should the surviving one die without issue, I will and direct my Executor to sell said property at public or private sale and divide the proceeds among my surviving children, share and share alike, the issue of any deceased child receiving the share which their deceased parent would have received if living."

Laura L. Allen died in 1908. She was survived by six children:

(1) Sidney E. Allen who died in 1923 intestate and without issue, being survived by his wife, Pauline B. Allen. In the case of *Pauline B. Allen v. Hazel Saunders, et al.,* 186 N.C. 349, this Court determined that Pauline B. Allen as the widow of Sidney E. Allen had a dower interest in the property which is the subject matter of this suit. The whereabouts of Pauline B. Allen are not known and she is not a party to this suit. This would appear to be immaterial, however, in view of the fact that she conveyed her dower interest and all other interest which she had in this property to Ann Irene Allen in 1924.

(2) Laura Loline Allen Saunders who is still living but whose husband died in 1922. Mrs. Saunders was born in 1874 and is, therefore, nearly 76 years of age and has no children.

(3) Ada Husk Allen who was born May 12, 1884, and is, therefore, 66 years of age. She is now living, and has never married and has no children.

(4) Ann Irene Allen who was born November 6, 1886, and is, therefore, more than 63 years of age. She is now living, has never married and has no children.

(5) Minnie Stirewalt Allen who was born September 21, 1881. She never married and died September 21, 1924. Her will devised and bequeathed any interest which she may have had in the property, which is the subject of this suit, to Ada Husk Allen and Ann Irene Allen.

(6) Nettie Allen Thomas who was born January 30, 1877, and died May 20, 1935. Her husband, Hansel P. Thomas, died January 11, 1942. Nettie Allen Thomas was survived by two children:

(a) Nettie Allen Thomas who was born November 17, 1902, and is, therefore, more than 47 years of age. She was married to Henry E. Voges August 31, 1946. She and her husband are both living and have no children.

(b) Laura Thomas who was born August 23, 1905, and who is, therefore, more than 44 years of age. She was married to Roger Hall but was divorced from him in 1948. She is still living but has no children.

The will of Nettie Allen Thomas devised all interest which she may have had in the property, which is the subject of this action, to her two children, Nettie Allen Thomas Voges and Laura Thomas Hall.

Laura L. Allen executed her will in 1905 and died in 1908. The executor promptly settled her estate and filed its final account 28 December, 1911. The executor was duly reinstated by order of the Clerk of the Superior Court of Forsyth County on 11 January, 1950, and authorized to institute this action.

The court found as a fact that all the defendants have been served with summons and a copy of the complaint or have accepted service; that

Sosnik & Sosnik, Inc., has filed answer and made appearance at the hearing through its counsel of record; that Charles F. Vance, Jr., was regularly appointed as guardian *ad litem* for any issue who may be hereafter born to any of the beneficial owners of the property described in the complaint and for any other persons not named as parties to this action, known or unknown, *in esse* or *in posse,* who may have any interest in said property; that said guardian *ad litem* accepted service of the summons and copy of the complaint and has faithfully investigated all questions of fact and law raised by the complaint and has filed answer and personally appeared at the hearing of this cause; that the remaining defendants have filed no answer and the time for answering has expired with no extension of time to answer having been sought or granted.

Miss Ann Irene Allen, who is the present owner of the property, which is the subject of this action (because of the prior death of Sidney E. Allen, without leaving issue surviving, and the acquisition of his widow's dower interest therein), together with her two surviving sisters and the two children of a deceased sister (and the husband of one of these children) have signed a 50-year lease which is set out in the record. The lessee is Sosnik & Sosnik, Inc.

The lessee now occupies a building fronting on Fourth Street and running back to the lot which is the subject of this suit. The capital stock of the lessee has recently been acquired by Thalheimers, of Richmond, Va., and Sosnik & Sosnik, Inc., plans to expand its ladies ready to wear business into a department store. The lessee intends (although it is not so obligated by the terms of the lease) to build upon the lot, which is the subject of this action, and combine its present quarters with the additional building. Any building erected upon the leased land must meet the specifications set out in the lease, and any such building will become the property of the lessors at the expiration of the lease.

The approval of the lease is regarded by the Executor, the plaintiff herein, and by all of the beneficial owners of the property as very desirable. The lease will yield a net annual income of approximately 6% on the appraised value of the land and the lessee is obligated to pay all taxes assessed against the property during the term of the lease. The property is unimproved and the best rent the owners have ever been able to obtain prior to this lease was $25.00 a month for use as a parking lot. This rent was barely sufficient to cover the taxes assessed against the property, leaving no income of consequence for the owner.

After a careful consideration of the terms of the proposed lease, the court found as a fact that "It is in the best interests of all persons now living who have any interest in the property described in Finding of Fact and Conclusion of Law No. 3 of this judgment and likewise in the best interests of any issue who may hereafter be born to said persons that the

proposed lease be consummated and that it is not in the best interests of said persons now living or of any issue who may be born to them for the said property to be sold by the Executor of Laura L. Allen as provided in her will; that circumstances have changed; that this is a matter in which only the family of Laura L. Allen is beneficially interested and that the Executor of Laura L. Allen, through one of its responsible officers, has stated to this Court from the witness stand that it believes the said lease to be in the best interests of all parties concerned and that Wachovia Bank and Trust Company as Executor of Laura L. Allen has no objection to executing said lease as one of the lessors provided the Court approves such action."

Whereupon the court authorized the plaintiff as Executor of the last will and testament of Laura L. Allen to execute and deliver the lease described herein, and further ordered and decreed as follows:

"At the death of Ann Irene Allen, if said lease is still in effect, neither Wachovia Bank and Trust Company, as Executor of Laura L. Allen, nor its successor, if any, as Executor, shall sell the property described in Finding of Fact and Conclusions of Law No. 12, but title to said property is hereby decreed to vest, upon the death of Ann Irene Allen without issue (subject to said lease if still in effect), in any of the children of Laura L. Allen then living, share and share alike, the issue of any deceased child receiving the share which their deceased parent would have received if living."

The plaintiff appeals and assigns error.

*Womble, Carlyle, Martin & Sandridge for plaintiff, appellant.*

*Ratcliff, Vaughn, Hudson & Ferrell for defendant, Sosnik & Sosnik, Inc., appellee.*

*Charles F. Vance, Jr., Guardian Ad Litem, in propria persona.*

DENNY, J. The question presented for our determination is simply this: Did the court, under the facts and circumstances disclosed on this record, have the power to authorize the Executor of the last will and testament of Laura L. Allen to execute the proposed lease and to decree that if said lease is still in effect, at the death of Ann Irene Allen, neither the Wachovia Bank & Trust Company, as Executor of Laura L. Allen, nor its successors, if any, shall sell the leased property, but that title thereto shall vest, upon the death of Ann Irene Allen without issue (subject to said lease) in any of the children of Laura L. Allen then living, share and share alike, the issue of any deceased child to take the share their deceased parent would have taken if such parent had survived the said Ann Irene Allen?

Ann Irene Allen is now more than 63 years of age. She has never married and has no children. And while courts hold to the view that there is possibility of issue as long as there is life, we know such view, when applied to elderly women, is contrary to human experience. *Cole v. Cole,* 229 N.C. 757, 51 S.E. 2d 491. Therefore, we may assume that for all practical purposes Ann Irene Allen holds only a life estate in the premises involved herein. At the present time there are four persons who will take under the terms of the will of Laura L. Allen, if they survive the life tenant, to wit, Laura Loline Allen Saunders, a sister, who is 76 years of age and has no children, Ada Husk Allen, a sister, who is 66 years of age and has no children, Nettie Allen Thomas Voges, a niece, who is 47 years of age, married but has no children, and Laura Thomas Hall, a niece, who is 44 years of age, divorced and has no children.

Ordinarily, persons claiming property under a will must take it in the character which the instrument has impressed upon it. *Seagle v. Harris,* 214 N.C. 339, 199 S.E. 271. But the doctrine of reconversion is recognized in this jurisdiction. *Proctor v. Ferebee,* 36 N.C. 143; *Duckworth v. Jordan,* 138 N.C. 520, 51 S.E. 109; *Seagle v. Harris, supra.*

"Where land is directed to be converted into money . . . all the parties entitled beneficially thereto have the right to take the property in its unconverted form, and thus prevent the actual conversion thereof, and this right to take the realty instead of the proceeds is not limited to beneficiaries who also hold the legal title. In the case of land, the election of one of the beneficiaries alone will not change the character of the estate; all the persons so beneficially interested must join, and all must be bound. . . . Remaindermen and other holders of future interests cannot elect so as to affect the interests of owners of prior estates; but they may make an election binding on themselves and their own real and personal representatives." 18 C.J.S. sec. 55, p. 83, citing *Anderson v. Wise,* 144 Kan. 612, 62 P. 2d 805; *Harper v. Chatham Nat. Bank,* 40 N.Y.S. 1084, 17 Misc. 221; *Seagle v. Harris, supra; Clifton v. Owens,* 170 N.C. 607, 87 S.E. 502; *Bonded B. & L. Association v. Konner,* 118 N. J. Eq. 546, 180 A. 570; *In re Hennessy's Estate,* 278 N.Y.S. 700, 155 Misc. 53, 13 C.J. p. 889.

In the instant case, every person who has any interest in the land involved, vested or contingent, or who would have any interest in the property under the statute of descent if Laura L. Allen had died intestate, has joined in the execution of the proposed lease. Not only have all the beneficial owners expressed a desire to have the court approve the lease, but the Executor of the last will and testament of Laura L. Allen and the guardian *ad litem* have informed the court that, in their opinion, it is for the best interest of all interested parties for the lease to be approved and executed by the Executor on behalf of the estate of Laura L. Allen.

We hold that the execution of the proposed lease by the life tenant and all the remaindermen is tantamount to an election by the remaindermen to take the property in its unconverted form, if and when the life tenant dies without issue. Such election extinguishes the power of sale as set forth in the will. *Duckworth v. Jordan, supra.* This view is supported in 19 Am. Jur.—Equitable Conversion, sec. 30, p. 23, *et seq.,* where it is said : "It is a well settled rule in equity that where a testator directs land to be sold and the proceeds thereof distributed among certain designated beneficiaries, such beneficiaries may elect, before the sale has taken place, to take the land instead of the proceeds. When they have so elected and sufficiently manifested their election, the authority to sell the land cannot thereafter be exercised by the executor, but is extinguished. The estate is thereby reconverted into real property, and, by reason of such reconversion, the relation of the beneficiaries to the land is the same as if it had been directly devised to them. This right of election rests upon the presumption that the power of sale given to the executor was intended for the benefit of the beneficiaries and that since they are the absolute owners of the land, they have the right to direct its disposition."

The owner of the life estate and all the remaindermen, having approved and executed the proposed lease, and each one of them being *sui juris,* such parties, as well as those inheriting from or through them, would be bound by the provisions contained in the lease, and by the election to take the real property in lieu of the proceeds from the sale thereof. *Buffaloe v. Blalock, ante,* 105.

In the light of the facts disclosed by the record herein, we hold that the court below, in the exercise of its equity powers, had ample authority to approve the execution of the lease under consideration by the Wachovia Bank & Trust Co., as Executor of the last will and testament of Laura L. Allen and to decree that the remaindermen take the property in its unconverted form, if and when Ann Irene Allen should die without issue.

Moreover, we think the proposal to lease the property, and forego a sale thereof, might well be construed as an agreement in the nature of a family settlement, or as a contract for the final settlement of the estate. *Kirkman v. Hodgin,* 151 N.C. 588, 66 S.E. 616.

The judgment of the court below will be upheld.

Affirmed.