FRANK C. ARNOLD, JOHN C. ARNOLD, JR., DORIS M. KINCADE, W. T. MORTON, JR., ETHEL W. ROY and F. L. ROY v. W. R. BATTLEY, Guardian Ad Litem for the Unborn Grandchildren of A. F. MORTON, Deceased.

(Filed 13 April, 1960.)

**Wills § 33c—**

> Where there is a devise of land for life with limitation over to the grandchildren of the life tenant, and the same grandchildren are living at the death of the testator and at the death of the life tenant, such grandchildren take regardless of which date the roll is called, and the estate is no longer subject to be opened up to let in grandchildren who may thereafter be born.

Appeal by defendant guardian ad litem from Johnston, J., February 1960 Term, Iredell Superior Court.

The plaintiffs brought this action to have the court determine and declare the rights under the will of Walter P. Morton. The testator was never married. He executed his will on October 14, 1932. It was

admitted to probate after his death on October 14, 1940. After disposing of certain specifically described real and personal property, the will provided: "I will to A. F. Morton all my other land and personal property — at his death the property goes to his grandchildren and when the youngest child becomes 21 years old the property is to be sold and the money equally divided, all my lawful debts and my burial expenses are to be paid out of this property." The estate has been completely administered and all debts and expenses connected therewith have been paid.

A. F. Morton, as life tenant, had the use and benefit of the property until his death in 1945. The grandchildren of A. F. Morton, living at the death of the testator and at the death of A. F. Morton, the life tenant, were: Frank C. Arnold, John C. Arnold, Jr., Doris M. Kincaid, W. F. Morton, Jr., J. F. Roy, and C. M. Roy. However, C. M. Roy died in 1953, leaving the plaintiff, Ethel W. Roy, as his widow and F. L. Roy, brother, as his only heir at law. The youngest grandchild of A. F. Morton is now 29 years of age. The plaintiffs now desire to sell the property and divide the proceeds.

Judge Johnston entered judgment that A. F. Morton took a life estate under the terms of the will and at his death the fee vested in his then living grandchildren; and that the plaintiffs could convey a good title. The guardian *ad litem* for unborn grandchildren excepted and appealed.

*Scott, Collier, Nash & Harris, By: Robert A. Collier for plaintiffs, appellees.*

*W. R. Battley for defendant, appellant.*

HIGGINS, J. We approve the judgment of the superior court. In doing so it is not necessary to determine whether the roll of grandchildren should have been called and the takers of the estate in remainder determined at the death of the testator or at the death of the life tenant. *Trust Co. v. Schneider*, 235 N.C. 446, 70 S.E. 2d 578. In either event the same grandchildren would have answered. However, since the estate vested, one of the takers has died, leaving a widow and a brother to take his share. Their interests will be taken into account in the division of the proceeds if the property is sold, or in the partition if all agree to take the property in its unconverted form. *Trust Co. v. Allen*, 232 N.C. 274, 60 S.E. 2d 117; *Seagle v. Harris*, 214 N.C. 339, 199 S.E. 271.

The judgment of the Superior Court of Iredell County is
Affirmed.