125 S.E.2d 291 (1962)
257 N.C. 42
FIRST UNION NATIONAL BANK OF NORTH CAROLINA, Executor of the Estate of Maud Rankin Wales, and Sarah Wales Bryant
v.
Leo Heartt BRYANT, Jr.; Montford Wales Bryant and Leo Heartt Bryant, III, minors; Margaret Rankin Rhodes; Winnifred Rankin Hunsucker; James Thomas Rankin; and Monica Montgomery Rankin, a minor; and the unborn children of Sarah Wales Bryant.
No. 162.
Supreme Court of North Carolina.
May 2, 1962.
*295 Mullen, Holland & Cooke, Gastonia, for plaintiff-appellant and for plaintiff-appellee.
Grady B. Stott, Gastonia, guardian ad litem for appellees Montford Wales Bryant and Leo Heartt Bryant, III, in pro. per.
Verne E. Shive, Gastonia, guardian ad litem for appellees, the unborn children of Sarah Wales Bryant, in pro. per.
James B. Garland, Gastonia, guardian ad litem for appellee Monica Montgomery Rankin, in pro. per.
Garland & Eck, Gastonia, for appellees Margaret Rankin Rhodes, Winnifred Rankin Hunsucker and James Thomas Rankin.
DENNY, Chief Justice.
The only exception and assignment of error is to the judgment. Therefore, unless error appears on the face of the record proper, or the findings of fact are insufficient to support the judgment entered, the judgment will be affirmed. Milwaukee Insurance Co. v. McLean Trucking Co., 256 N.C. 721, 125 S.E.2d 25; Wachovia Bank & Trust Co. v. Buchan, 256 N.C. 142, 123 S.E.2d 489; Webb v. Gaskins, 255 N.C. 281, 121 S.E.2d 564; Goldsboro v. Atlantic Coast Line RR. Co., 246 N.C. 101, 97 S.E. 2d 486.
*296 It is adjudged in the judgment entered in the court below and provided in the family settlement agreement incorporated therein that Sarah Wales Bryant is the owner in fee simple of all the real estate owned by Maud Rankin Wales at her death.
The testatrix in her will devised to Sarah Wales Bryant a life estate only in her real property. There being no devise of the remainder, and the will having no residuary clause, the remainder in said real property passed as undevised property under the law of intestacy to Sarah Wales Bryant, the only child of the testatrix. Williamson v. Williamson, 232 N.C. 54, 59 S.E.2d 214. The only contingency that could possibly have given Margaret Rankin Rhodes, Winnifred Rankin Hunsucker, James Thomas Rankin, and Monica Montgomery Rankin an interest in the real estate of the testatrix never occurred, since Sarah Wales Bryant survived her mother, the testatrix.
Therefore, we concur in the judgment entered below with respect to the title of the real estate of which the testatrix died seized. The life estate and remainder having become vested in Sarah Wales Bryant, she is the fee simple owner of said real estate. Lee v. Lee, 216 N.C. 349, 4 S.E.2d 880; Citizens Bank & Trust Co. v. Watkins, 215 N.C. 292, 1 S.E.2d 853.
The remaining question for determination is whether or not the children, in esse and unborn, of Sarah Wales Bryant have been properly protected under the terms of the family settlement agreement.
The testatrix provided for the disposition of the major portion of her estate in the following language: "Of the remaining stocks that I own, I want half of them to go to Sarah Wales Bryant (Mrs. Leo Heartt Bryant, Jr.) for her life and half of them to be divided equally between her children. I want one-half of these stocks to be given them when they are 21 years old and one-half when they are 30 years old. Unless Sarah Wales Bryant (Mrs. Leo Heartt Bryant, Jr.) needs the income from these stocks very badly, the dividends from these stocks are to be reinvested from the date of my death and held until the children reach the age of 21 years." This provision was the chief source of the confusion and uncertainty which led to the family settlement agreement.
Under the bequest of one-half the remaining stocks to Sarah Wales Bryant for her life, without any disposition or bequest of said stocks to become effective upon the death of Sarah Wales Bryant, it would seem that Sarah Wales Bryant, under the statute of distribution, became the sole owner thereof upon the death of the testatrix. However, under the family settlement agreement, these stocks are put in trust and Sarah Wales Bryant will only get the income therefrom with the provision that the Trustee may pay to her so much of the principal of said trust as the Trustee in its sole discretion deems necessary to meet any emergency affecting her health or welfare. At the death of Sarah Wales Bryant, the principal remaining in the trust created for her benefit goes to her children. If she has no surviving children or issue of her children surviving at her death, then the assets of the trust will be distributed to the heirs of Sarah Wales Bryant in accordance with the then intestate laws of the State of North Carolina.
Under the terms of the will of Maud Rankin Wales, it is doubtful that any child born to Sarah Wales Bryant after the death of the testatrix would share in the bequest of the stocks to the children of Sarah Wales Bryant. Other provisions in the will, however, indicate an intent on the part of the testatrix that any child or children born to Sarah Wales Bryant after the death of the testatrix, should share in the estate. But, under the terms of Trust B, set up in the family settlement agreement, any child born to Sarah Wales Bryant on or before 1 July 1981, will share *297 in the bequest of these stocks and any other assets included in the trust.
While there is a possibility that a child or children may be born to Sarah Wales Bryant after 1 July 1981, it is a mere possibility and not a probability. According to the record, Sarah Wales Bryant will be 53 years of age in 1981, and the possibility of her having a child after that time is so slight, as borne out by human experience, we will not disapprove the trust based on this mere possibility. Wachovia Bank & Trust Co. v. Allen, 232 N.C. 274, 60 S.E.2d 117; Strong's North Carolina Index, Vol. IV, Wills, Section 29, page 510, et seq.
We would have preferred for the discretion of the Trustee under Trust B, in making any disproportionate expenditure of the income of said trust on any one child, to have been limited to an emergency affecting the health of such child. However, since the children of Sarah Wales Bryant are to receive the assets remaining in Trust A at the death of Sarah Wales Bryant, if any, and all the principal assets of Trust B must be kept intact for the benefit of the beneficiaries of Trust B, we hold that the interest of the children have not been impaired in any respect by the family settlement agreement.
The judgment below simply approves and orders compliance with a family settlement agreement. When such settlements are fairly made and carry out the intent of the testator as gathered from the will, and do not adversely affect the rights of infants, they will be approved. Redwine v. Clodfelter, 226 N.C. 366, 38 S.E.2d 203; Bank of Wadesboro v. Hendley, 229 N.C. 432, 50 S.E.2d 302.
In Carter v. Kempton, 233 N.C. 1, 62 S.E.2d 713, Barnhill, J., later C. J., said: "Family settlements, when fairly made, are favorites of the law. They are bottomed on a sound public policy which seeks to preserve estates and to promote and encourage family accord. These statements in varying forms are to be found in many of our decisions. * * * But when a testamentary trust is the subject matter of the agreement, there are material limitations upon their application.
"(1) The will creating a trust is not to be treated as an instrument to be amended or revoked at the will of devisees or to be sustained sub modo only after something has been sweated out of it for the heirs at law. The power of the court is exercised not to defeat or destroy, but to preserve, it."
In our opinion, if any right has been surrendered in the family settlement agreement under consideration in this case, the surrender has been made by Sarah Wales Bryant in favor of her children.
The judgment of the court below is
Affirmed.
SHARP, J., took no part in the consideration or decision of this case.
MOORE, Justice (dissenting).
I do not agree that the so-called Family Settlement approved by the court below and in the majority opinion should be sustained.
"The rule that the law looks with favor upon family agreements does not prevail when the rights of infants are involved. A court of equity looks with a jealous eye on a contract that materially affects the rights of infants. Their welfare is the guiding star in determining its reasonableness and validity." Carter v. Kempton, 233 N.C. 1, 5, 62 S.E.2d 713.
It is suggested that the family settlement is favorable to the infants. I do not find it so. There is a definite possibility that their trust estates will be decreased thereby and the rights of possible contingent remaindermen will be cut off entirely.
From the findings of fact in the court below and the inventory appearing in the record, the assets of the estate are: real *298 estate, $53,400.00, subject to the lien of a deed of trust of unspecified amount; stocks, $114,971.01; bonds, $4,800.00; promissory note, $15,145.33; automobile, $405.00; household goods, $1769.00.
The settlement provides that the executor shall pay all debts of testatrix's esstate, the amount secured by the deed of trust, inheritance and estate taxes, costs of administration, costs of this action, attorneys fees and allowances for guardians ad litem, from the remaining intangible personal property and any income from personalty which has accrued since testatrix's death. This means that the encumbrance against the land will be borne by the personal estate, and the land, the automobile, household goods, and cash of $1,562.46 (all belonging to Mrs. Bryant) will bear no part of the debts, taxes, expenses of administration, court costs and attorneys fees. In the absence of accurate information, it seems that the family settlement, by this provision, will invade the stocks from which the trust for the infants will be set up.
It is contended that, at the death of Mrs. Bryant, the assets remaining in the trust created for her will accrue to the infants, and their estates will thereby be enhanced. This is a possibility, but it is unlikely that there will be anything left in that trust for the trustee is given absolute discretion by the family agreement to turn over to her any part or all of the corpus of this trust to meet any emergency affecting her health or welfare. And the word, "welfare," is undefined in the settlement agreement.
The settlement also gives the trustee the absolute discretion to pay over to Mrs. Bryant all or any portion of the income from the trust set up for the infants, if it determines at any time she is in absolute need thereof for her welfare, support or maintenance. This provision, in my opinion, is far in excess of the provision made in the will.
Furthermore, the trustee is authorized to expend sums for the support and education of the children without regard to equality. This is directly contrary to the will.
The courts should not abdicate their authority and shirk their responsibilities to supervise and preserve the estates of the infants by giving absolute and sole discretion to a trustee.
Moreover, the settlement arbitrarily postpones the enjoyment of a portion of the trust property as to the two infants in esse, and accelerates their enjoyment as to the rest. As to unborn children, it either accelerates their interests or cuts them off altogether. It is possible that it will amount to a confiscation of the interests of contingent remaindermen.
In altering a trust, the court exercises its equity jurisdiction when, and only when, it is necessary to preserve the trust and effectuate its primary purpose. Keesler v. North Carolina Nat. Bank, 256 N.C. 12, 20, 122 S.E.2d 807. No such necessity exists here.